**Frank GENER–VILLAR d/b/a Gener Advertising, Plaintiff,**

v.

**ADCOM GROUP, INC. Debbie Alonso, President Supermercado Mr. Special, Inc. Santos Alonso–Maldonado, President, Defendants.**

**Civil No. 03–1306(FAB).**

United States District Court, D. Puerto Rico.

Oct. 4, 2007.

Jose L. Ramirez–De–Leon, Ramirez Law Office, Edelmiro Antonio Salas–Gonzalez, San Juan, PR, PHV Daniel Abraham, New York, NY, for Plaintiff.

Ramon L. Walker–Merino, Walker Merino Law Office, Jean Paul Vissepo–Garriga, San Juan, PR, Luis R. Santos, Santos & Nieves Blas, Mayaguez, PR, for Defendants.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

A District Court may refer pending dispositive motions to a Magistrate Judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(a). Any party adversely affected by the report and recommendation may file written objections within ten days of being served with the Magistrate Judge's report. *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (*citing United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (*citing Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On August 28, 2007, the United States Magistrate Judge issued a Report and Recommendation in this case, recommending that the Defendant Adcom Group's Motion for Summary Judgment (Docket No. 57) be denied. (Docket No. 106) No objections have been filed.

The undersigned, however, has made an independent examination of the record in this case and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court.

Accordingly, Adcom's Motion for Summary Judgment is hereby **DENIED.**

**IT IS SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ RIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiff Frank Gener–Villar ("Gener") is a graphic artist who contracted with codefendant Adcom Group, Inc. ("Adcom"), an advertising agency, to prepare images and advertising and promotional materials to use in Adcom's advertisements for its clients. The photographs and digital images were stored on computers owned by Gener but located at Adcom's facilities. The contract did not specify who retained the copyright to the images.

On February 22, 2000, Adcom terminated the contract with Gener and demanded that Gener turn over the images, which he refused to do. Adcom seized Gener's computers and Gener then filed a "grievance" before a magistrate in the Investigations Unit of the San Juan Judiciary Center, seeking a provisional adjudication of the dispute under 32 P.R. Laws Ann. §§ 2871–2877 (authorizing magistrates to provisionally decide certain controversies). The court ordered that the disputed images be removed from Gener's computers, copied to diskettes, and deposited with the court under seal pending litigation over the ownership of the images.

Thereafter, Adcom filed an action in the Puerto Rico Court of First Instance, San Juan Part, seeking, *inter alia,* a declara-

tion that it was the owner of the works contained on the disk on the basis of its contract with Gener. Adcom also argued that it held the copyright to the images under the doctrine of a "work made for hire." *See* 17 U.S.C. §§ 101, 201(b). Gener responded that Adcom's claim was for economic rights deriving from the images, and thus, the Puerto Rico law claim was preempted by federal copyright law and the Puerto Rico court lacked jurisdiction. *See* 17 U.S.C. § 301(a) (preemption); 28 U.S.C. § 1338(a) (exclusive federal jurisdiction).

The state court found the arrangement between Gener and Adcom was not work for hire. Each subsequent Court has repeatedly affirmed the initial determination that no work for hire contract existed. *See Gener–Villar v. Adcom Group, Inc.,* 417 F.3d 201 (1st Cir.2005).

As a result of such litigation, the Court of First Instance concluded that the action "did not arise under federal copyright law because it was 'not based on a claim for an author's economic rights, but on the delivery of a computer disk over which [Adcom] alleges having an ownership right due to having paid for the information contained in it.'"

In the instant federal action, both Adcom and co-defendant Mr. Special initially filed on July 2, 2003, separate motions for summary judgment based upon the state court's judgments and the doctrine of *res judicata.* (**Docket No. 23**). The District Court agreed, but the Court of Appeals for the First Circuit reversed and remanded the case to the district court for further consideration. *See Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 201.

Adcom has now filed a second motion for summary judgment reasserting the Motion for Summary Judgment it had filed back in July 2003 (**Docket No. 57**) calling for dismissal of the instant case, which was duly opposed by plaintiff Gener. (**Docket Nos. 61, 62**).[1]

Adcom argues that, even though the First Circuit vacated and remanded the District Court's initial decision on "reasoning that *res judicata* does not apply because the Puerto Rico courts did not have, nor purported to have, jurisdiction over any potential federal copyright claims", the First Circuit did "not [express] any view on whether either party might eventually be entitled to summary judgment on other grounds." (**Docket No. 57**). Adcom then proceeds to enumerate such "other" grounds previously raised and incorporated them to its new dispositive motion, such as "estoppel by judgment, stare decisis, comity, federalism, the proper use of federal judicial power, and the *Rooker–Feldman* doctrine," stating that they "were fully briefed."[2] Adcom went on to state that "[i]f any and/or all of the above are not sufficient to dismiss, it was further claimed that the complaint also fails to state a claim upon which relief can be granted because the first sale doctrine applies; that Gener intentionally failed to disclose to the Copyright Office the fact that the Puerto Rico state courts had ruled that the copyrighted works belong to Adcom; and that Gener failed to place the

---

**1.** Adcom then filed a response to Gener's Statement of Uncontested Facts (**Docket No. 65**) and Gener submitted a reply entitled "Objection to Adcom's Response." (**Docket Nos. 78, 96**).

**2.** We note that, although Adcom stated that all the "grounds for dismissal" were "fully briefed", plaintiff Gener states having not found anywhere in the record where such issues were "fully" briefed by co-defendant Adcom. However, Gener proceeded to oppose and argues all the issues in his response in opposition to co-defendant Adcom's second motion for summary judgment.

copyright notice on the photographs, thus Adcom is an 'innocent infringer.'" Adcom also claims that Gener's alleged copyright is not an original work and lacks creativity; that the photographs in question are only a compilation of a factual representation of products in commerce, which labels and trade dress belong to its owners, and Gener cannot make them his intellectual property; that the photographs in question are not works of artistic craftsmanship in terms of their mechanical or utilitarian aspects are concerned; and that this action is an abuse of the alleged copyright, which constitutes an illegal and abusive restriction of commerce.[3]

These motions were referred to this Magistrate Judge for a report and recommendation. **(Docket No. 97).**

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." *Vega–Rodriguez v. Puerto Rico Tel. Co.*, 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *See Cortes–Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.* At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood...." *Greenburg v. Puerto Rico Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir.1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes*, 116 F.3d 957, 960 (1st Cir.1997).

Finally, when considering this motion, unsettled issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. *Mulero–Rodriguez v. Ponte, Inc.*, 98 F.3d 670, 677 (1st Cir.1996) (reversing summary judgment and emphasizing that "determinations of motive and intent ... are questions better suited for the jury") (internal quotation marks omitted) citing *Petitti v. New England Tel. &*

---

**3.** Although Gener is not claiming any supplemental jurisdiction on local copyright laws, i.e. moral rights to the works in question, Adcom stated that "... pursuant to 31 LPRA 1401(e), ... plaintiff is impeded to claim a moral right to the photographs in question because they are works created for advertisement purposes, which are not protected under local law for authorship purposes."

*Tel. Co.*, 909 F.2d 28, 34 (1st Cir.1990); *see also Pearson v. First NH Mortgage Corp.*, 200 F.3d 30 (1st Cir.1999) citing *Tew v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1551, 1555 (S.D.Fla.1990) ("Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.' "). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 95 (1st Cir.1996).

## UNCONTESTED/CONTESTED FACTS

### A. Co-defendant Adcom's Uncontested Issues of Facts.

Co-defendant Adcom submits there are no genuine issue of material facts in controversy and, as such, argues it is entitled to summary judgment on the following facts:[4]

1. Adcom engaged plaintiff Gener to prepare images and do advertising and promotional materials for product packages and labels so that Adcom could use those materials in placing commercials for its clients. *Adcom's Undisputed ¶ 1.*

2. This was a contractual working relationship between plaintiff Gener and Adcom for several years, and for which plaintiff Gener was paid. *Id.* at ¶ 2.

3. No copyright was claimed or reserved in the contract between Gener and Adcom. *Id.* at ¶ 3.

4. The contractual relationship between Gener and Adcom ended in the year 2000. *Adcom's Undisputed at 4.*

5. Upon termination of the contractual relationship between Gener and Adcom, litigation ensued in the Puerto Rico Court of First Instance, San Juan Part, Civil No. KPE 00–0640, to finally determine which party was entitled as a matter of law to be the owner of the photographs here in question. *Id.* at 5.

6. The state court ruled that pursuant to the contract between the parties the photographs in question and all other advertisement materials belong and are the property of Adcom. *Id.* at 6.

7. The state court's judgment is firm and final. *Adcom's Undisputed at 7.*

8. Subsequent to the state-court's decisions, Gener submitted registration of the photographs to the Copyright Office on July, 2001, effective July 16, 2001. *Id.* at 8.

9. Plaintiff did not disclose to the Copyright Office the fact that a court of law had ruled that the photographs were property of Adcom. *Id.* at 9.

### B. Plaintiff Gener's Contested Issues of Facts.

Plaintiff Gener avers, in opposition to Adcom's uncontested statements, that it holds United States Copyright Office Certificate of Registration Form VA no. VAu 529–609, on a work titled Photographs Collection of Frank Gener–Villar Volume I, under his name. It is Gener's contention that Adcom and subsequently co-defendant

---

4. Adcom adopted its "Statement of Undisputed Facts in Support of Its Motion for Summary Judgment" which was submitted on July 23, 2003 along with its motion for Summary Judgment and Memorandum in Support, Docket No. 23. We note that Adcom supported its "undisputed facts" mainly on the state court rulings.

Mr. Special are infringers of his copyright. Gener also avers that it is the law of the case that the state court litigation was not "a claim for an author's patrimonial rights, but a claim for the delivery of a computer diskette." *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 206. Thus, while Adcom may be the owner of the physical photographs, Gener is the owner of the patrimonial copyright rights. Gener further avers that he did not disclose, nor had a legal duty to disclose to the Copyright Office, that Adcom was the owner of the computer diskette and the tangible materials therein, and that Adcom has never claimed to be the author or creator of Gener's photographic creations.

Gener also claims the following supplemental statement of material facts, in opposing Adcom's statement of material facts:

1. Gener is a graphic artist who contracted with Adcom, an advertising agency, to prepare images and advertising and promotional materials to use in Adcom's advertisements for its clients, including Mr. Special Supermarkets, Inc. The photographs and digital images were stored on computers owned by Gener but located at Adcom's facilities. The contract did not specify who retained the copyright to the images. *Gener–Villar v. Adcom Group, Inc.* 417 F.3d at 202–203.

2. On February 22, 2000, Adcom terminated the contract and demanded that Gener turn over the images. Gener refused, and Adcom seized his computers. Gener then filed a "grievance" before a magistrate in the Investigations section of the San Juan Judiciary Center, seeking a provisional adjudication of the dispute under 32 P.R. Laws Ann. §§ 2871–2877 (authorizing magistrates to provisionally decide certain controversies). The court ordered that the disputed images be removed from Gener's comput-

ers, copied to diskettes, and deposited with the court under seal pending litigation over the ownership of the images. *Gener–Villar v. Adcom Group, Inc.* 417 F.3d at 202–203.

3. Thereafter, Adcom filed an action in the Puerto Rico Court of First Instance, seeking, *inter alia,* a declaration that it was the owner of the works contained on the disk on the basis of its contract with Gener. Adcom also argued that it held the copyright to the images under the doctrine of a "work made for hire." *See* 17 U.S.C. §§ 101, 201(b). Gener responded that Adcom's claim was for economic rights deriving from the images, and thus the Puerto Rico law claim was preempted by federal copyright law and the Puerto Rico court lacked jurisdiction. *See* 17 U.S.C. § 301(a) (preemption); 28 U.S.C. § 1338(a) (exclusive federal jurisdiction). *Gener–Villar v. Adcom Group, Inc.* 417 F.3d at 202–203.

4. As a result of such litigation, the Court of First Instance for the Commonwealth of Puerto Rico concluded that the action "did not arise under federal copyright law because it was 'not based on a claim for an author's economic rights, but on the delivery of a computer disk over which [Adcom] alleges having an ownership right due to having paid for the information contained in it.'" *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 203. *Exhibit 1, Judgment Puerto Rico Court of First Instance, Civil No. KPE 00–0640, p. 19; Exhibit 2, Judgment Puerto Rico Court of Appeals, No. KLAN–00–00775, pp. 12–13.*

5. Gener holds a United States Copyright Office Certificate of Registration Form VA no. VAu 529–609, on a work titled Photographs Collection of Frank Gener–Villar Volume I, under his name. *Exhibit 1, Amended Complaint, Dkt. 11; Adcom's Answer to Amended Complaint, Dkt. 12, p. 2, ¶ 14.*

6. Adcom and Mr. Special Supermarkets, Inc. had actual knowledge, from March 2000, that Gener was claiming intellectual property rights over the images contained in the computer hardware retained by Adcom. *See Exhibit 1, Judgment p. 8.*

7. Adcom has never claimed to be the author or creator of Gener's photographic creations. *See Docket No. 11, Ex. Nos. 1 & 2.*

## LEGAL DISCUSSION

### I. DEFENSES RAISED BY ADCOM.

#### A. The *Rooker–Feldman* Doctrine.

■ Adcom "reaffirms" its prior reliance on the *Rooker–Feldman* doctrine, previously introduced in its original motion for summary judgment. **(Docket No. 23, pp. 6–7).** In its motion, Adcom essentially argued that *Rooker–Feldman* required dismissal because: 1) "the federal action would in substance defeat a state judgment" *(Id.,* p. 6); 2) Gener wants to have this Court overturn the state court judgment *(Id.,* p. 7); and 3) the claims adjudicated in state court are "inextricably intertwined" with the claims adjudicated in federal court *(Id.* at p. 6).

The first two arguments fail because neither on appeal nor in the docket before this Court has Adcom offered one scintilla of proof to the effect that Gener is asking this Court to overturn the state court's judgments and have the computer disks of physical photographs returned to him. To the contrary, Gener has embraced the validity and finality of those judgments, as did the Court of Appeals, and recognized that the physical photographs and discs belong to Adcom.

Gener considers that, if the *Rooker–Feldman* doctrine were to apply in this case, it would be proper to affirm that Adcom's claim in the Commonwealth's

Court was merely "a claim for the delivery of a computer diskette" and not a copyright claim such as it is pending before this Court.

However, Gener asserts before this Court the exclusive rights granted under 17 U.S.C. §§ 101 *et seq,* not the rights over physical entities already adjudicated in a Commonwealth's Court. Gener agrees that Adcom is the proper owner of the computer diskette and the tangible material in which the photos are stored. However, Gener claims in this litigation his rights under 17 U.S.C. § 106, and does not claim ownership over either the computer diskette or the photographs owned by Adcom.

Adcom's third argument on *Rooker–Feldman* grounds is that the claims adjudicated in state court were "inextricably intertwined" with the federal issue. Said argument also fails. The claims of the state court judgments and those in the instant case can never be inextricably intertwined because, as stated by the First Circuit, "Gener's infringement claim could not have been raised in the Puerto Rico court." *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 207. "Copyright infringement lies within the exclusive jurisdiction of the federal courts" and "the [state court] could not have heard the claim for copyright infringement". *Id., quoting RX Data Corp. v. Dep't of Soc. Servs.,* 684 F.2d 192, 198 (2d Cir.1982). It is thus an impossibility, as a matter of law, that the claims raised in state court by Gener are inextricably intertwined with the federal claims.

When adjudicating Adcom's *res judicata* claim, the Court of Appeals for the First Circuit recognized that the claims adjudicated in the state court judgments could in no way be "inextricably intertwined" with the exclusively federal copyright infringement claims before this Court. We agree

with Gener to the effect that Adcom's challenge to the law of the case is but a collateral attack on the judgment of the Court of Appeals.

In order for Gener's federal claims under 17 U.S.C. § 106 to be "inextricably intertwined" with the state court's judgments, this Court would have to declare that the state courts wrongly decided the issues before them. However, we need not make such a decision—in fact, we cannot make it, for the First Circuit found that the state courts refused to adjudicate any section 106 rights and, in fact, "Gener's infringement claim **could not** have been raised in the Puerto Rico court" *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 207 (Emphasis supplied).

Both Gener, and two Commonwealth courts, understood that such copyright claims were preempted. The Court of Appeals agreed, holding: "We need not decide whether the Puerto Rico court's analysis of federal copyright preemption law was precisely correct because, in any event, **the Puerto Rico court viewed its jurisdiction as limited to Puerto Rico law claims.**" *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 207 n. 5 (Emphasis supplied). Thus, we cannot declare that the Puerto Rico courts wrongly decided the state law claims, because the claims under Puerto Rican law are not before this Court and the federal copyright claims were never before the Puerto Rican courts.

■ It is well settled that the *Rooker–Feldman* doctrine "does not apply when a party is not seeking an 'appeal' of a state court judgment in federal district court." *See Diva's Inc. v. City of Bangor,* 411 F.3d 30, 43 (1st Cir.2005).

Adcom purports *Rooker–Feldman* mandates that this case be dismissed merely because the First Circuit addressed the issue of *res judicata* and not its claims for "other grounds" (*i.e.,* claim preclusion), yet the latest Supreme Court ruling on *Rooker–Feldman* stands for the contrary proposition. Once the Commonwealth court's adjudication is complete, the federal court then has to determine whether to dismiss the action on *res judicata* grounds. That is precisely what was adjudicated by the Court of Appeals in Gener's appeal. The case of *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 283–284, 125 S.Ct. 1517, 1521 –1522, 161 L.Ed.2d 454 (2005) shows Adcom's arguments to be merely a collateral attack on the Court of Appeals' judgment on the issue of *res judicata.* As in *Exxon,* Gener has not asked this court to undo the state court judgments; Gener's claim is strictly based on copyright matters, which was never adjudicated in state court, and cannot be adjudicated there.

■ First Circuit precedent on this matter, states that only court adjudications with **preclusive effect** can bring the *Rooker–Feldman* doctrine into play. *Cruz v. Melecio,* 204 F.3d 14, 21 n. 5 (1st Cir.2000) (citing cases).[5] Since the state court's judgments have no preclusive effect whatsoever on Gener's federal copyright claims, Adcom's arguments based upon the *Rooker–Feldman* doctrine are devoid of merit, and on such grounds it is recommended that summary judgment should be DENIED.

### B. Estoppel by Judgment.

Adcom contends that it has "fully briefed" its defenses of estoppel by judgment, *stare decisis,* comity and federalism

---

**5.** See citations to *Davis v. Bayless,* 70 F.3d 367, 376 (5th Cir.1995); *Kamilewicz v. Bank of Boston Corp.,* 100 F.3d 1348, 1350 (7th Cir.1996); *ASARCO Inc. v. Kadish,* 490 U.S. 605, 622, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989). *Cruz,* 204 F.3d at 21.

in its motion for summary judgment. Nonetheless, a review of Adcom's motion for summary judgment shows that these defenses were never briefed by Adcom, but merely recited to the court as a laundry list of defenses. In any event, we now proceed to discuss these defenses which we consider as collateral attacks on the judgment of the Court of Appeals, as explained herein below.

■ The law of Puerto Rico, which is the applicable law here, recognizes "res judicata," *i.e.*, claim preclusion, but also permits issue preclusion, or "collateral estoppel by judgment." *See Texaco Puerto Rico, Inc. v. Medina*, 834 F.2d 242, 245–46 (1st Cir.1987) (citing *A & P Gen. Contractors v. Associacion Cana, Inc.*, 10 P.R. Offic. Trans. 987 (1981)). However, the Puerto Rico Supreme Court has insisted in considering "collateral estoppel by judgment" as a garden "variety" or "modality" of *res judicata. A P Gen. Contractors*, 10 P.R. Offic. Trans, 995–96. Even if the Court were to consider it to be a separate doctrine and not *res judicata*, Adcom's invocation of the doctrine of judicial estoppel does not apply here, because "estoppel by judgment includes matters in a second proceeding which were actually presented and determined in an earlier suit." *Arizona v. California*, 530 U.S. 392, 415, 120 S.Ct. 2304, 2319, 147 L.Ed.2d 374 (2000). Gener's copyright claims were never brought in the state court suits. The doctrine of judicial estoppel only takes effect when the proponent has shown that the party to be estopped "succeeded previously with a position directly inconsistent with the one [it] currently espouses." *Lydon v.*

*Boston Sand & Gravel Co.*, 175 F.3d 6, 13 (1st Cir.1999); *see also New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001).

In determining whether the party "succeeded" in a prior proceeding, we must look to whether the prior forum "accepted the legal or factual assertion alleged to be at odds with the position advanced in the current forum...." *Gens v. Resolution Trust Corp. (In re Gens)*, 112 F.3d 569, 572–73 (1st Cir.1997).

■ The Puerto Rican courts in this case viewed their jurisdiction as limited to claims under Puerto Rican law, and did not address Gener's copyright claims. Thus, Adcom cannot claim that Gener's "succeeded previously" in copyright claims in state court. It would be a different matter, which is not before us, if Gener tried to litigate his copyright claims in state court and succeeded, but as the record of the Court of Appeals and the state court's decisions show, that never occurred and could not have occurred, absent a contractual agreement over the copyright.[6]

In view of the above, the estoppel by judgment defense raised by Adcom is inappropriate.

### C. *Stare Decisis.*

■ We find Adcom's invocation of the *stare decisis* defense also without merit. "[T]he doctrine of *stare decisis* precludes the relitigation of legal issues that have previously been heard and authoritatively determined". *Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 348 (1st Cir.2004). Again, as previously stated, it is the law of the case [7]

---

6. To merely invoke "estoppel by judgment" in full knowledge that such a legal claim is contrary to the record of the state court decisions, comes close to misleading the court about the law. *See Diaz–Fonseca v. Puerto Rico*, 451 F.3d 13, 37 (1st Cir.2006).

7. The law of the case usually is invoked to require a court to follow its own rulings in a case or to follow the directions of a higher court. *See Conley v. United States*, 323 F.3d 7, 12 (1st Cir.2003).

that Gener's copyright claims have not been previously heard or adjudicated by the Commonwealth's Court, as it was correctly determined by the Court of Appeals. Accordingly, any invocation of *stare decisis* by Adcom is inappropriate.

### D. Comity & Federalism.

■ Comity permits or requires a federal court to stay or dismiss a federal action in favor of state-court litigation. *See, e.g., Exxon Mobil Corp.,* 544 U.S. at 280, 125 S.Ct. 1517.

■ The Court of Appeals in this case, which has become the law of the case[8], held that:

> If Adcom means that **the entire dispute should have been aired before the Puerto Rico court,** and any claims that could have been (but were not) raised in the Puerto Rico court are barred, the argument fails because Gener's infringement claim **could not have been raised in the Puerto Rico court.** *Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 207 (Emphasis Supplied).

We must reject Adcom's invitation to reverse the Court of Appeals' judgment on grounds of comity, not because Adcom failed to brief its assertion, but because it was already adjudicated by the Appellate Court in determining that federal copyright claims "could not have been raised in the Puerto Rico Court," for which there is no "comity" to invoke.

The same applies to Adcom's invocation of "federalism." Insofar as this claim was never briefed by Adcom we are left again exploring how the theory could be raised

given that the doctrine of "federalism" is wide-ranging and can cover topics from Eleventh Amendment immunity to issues and doctrines such as abstention and beyond. We assume that what Adcom intended to raise, with the words "federalism", was precisely what was covered by its *Rooker–Feldman* and comity defenses given that such doctrines are invoked together.

As the word "federalism" has been used in our circuit it comes together with "comity":

> Principles of comity and federalism push in favor of giving state courts, without premature federal interference, a meaningful opportunity to consider, and if necessary to correct, claims of legal error in state criminal prosecutions. *Pike v. Guarino,* 492 F.3d 61, 71(1st Cir. 2007).

> Regardless of its source, the exhaustion requirement has long served to infuse into our habeas jurisprudence *the interests of comity and federalism. See, e.g., Rose,* 455 U.S. at 518–19, 102 S.Ct. 1198 (finding that " 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' " and that "[a] rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error") (quoting *Darr v. Burford,* 339 U.S.

8. To the extent that the record compiled at the preliminary injunction stage was "sufficiently developed and the facts necessary to shape the proper legal matrix were sufficiently clear, and [if] nothing in the record subsequently developed at trial constitutes substantially different evidence that might undermine the validity of the prior panel's rulings of law," those rulings may be deemed the law of the case. *Cohen v. Brown Univ.,* 101 F.3d 155, 159 (1st Cir.1996); *see also Wine And Spirits Retailers, Inc. v. Rhode Island,* 481 F.3d 1 (1st Cir.2007).

200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950)).

*Clements v. Maloney,* 485 F.3d 158, 162 (1st Cir.2007).

As stated earlier with regard to Adcom's other defenses, this federal court is not interfering, in any way with a correct balance between the dual federal powers and the state powers. To the contrary, it will uphold and reaffirm the state court's judgments, inasmuch as those judgments correctly recognize that it is this Court, not the state courts, the one called to judge Gener's federal claim regarding copyrights.

In setting this case for trial and denying summary disposition on grounds of "federalism" this Court would not be invading the rights of Adcom to seek relief first on its claims over ownership of the physical photographs, while leaving federal court precisely with Gener's federal claim. We find no such federal interference here as Adcom suggests.

In view of the above, none of the defenses raised by Adcom are applicable to this case.

## II. ADCOM'S COPYRIGHT CLAIMS.

### A. The First Sale Doctrine.

In Adcom's initial brief for summary judgment, Adcom alleged Gener's ability to enforce his copyrights was barred by the first sale doctrine. Adcom's allegation rested entirely on *Quality King Distribs., Inc. v. L'anza Research Int'l, Inc.,* 523 U.S. 135, 118 S.Ct. 1125, 140 L.Ed.2d 254 (1998) in which the Supreme Court ruled that the distribution rights of a domestic copyright holder did not permit the copyright holder to bar goods lawfully acquired abroad from re-entering the country.

We find the facts of *Quality King* distinguishable from those raised here, and thus, the first sale doctrine does not apply to the instant case. *Quality King* stands for the proposition that legally acquired tangible goods may be re-sold. It does not support the proposition advanced by Adcom that tangible goods, once acquired, may be endlessly reproduced and distributed for profit in flagrant disregard of the copyright holder's right to control distribution. In other words, there is no legal impediment for Adcom to sell the photographs in the computer disk to another person. However, what Adcom cannot do is reproduce said photographs without paying Gener for his rights to such reproduction.

The first sale doctrine is a limitation to the distribution right, which is one of the exclusive rights granted to copyright holders under federal law. The doctrine applies when copies are given away or otherwise "transferred". W. PATRY, *COPYRIGHT LAW AND PRACTICE* 843 (1994). Thus, students who purchase books for college classes can sell their copies to secondhand bookstores, who may in turn resell them to the public; it also permits the operation of videocassette rental stores, flea markets and countless other forms of disposing of lawfully owned copies of copyrighted works. However, it does not permit those students to reproduce those texts and sell the reproductions to their classmates.

Congress codified the First Sale Doctrine in 17 USCS § 109(a), which in its relevant part reads:

(a) Notwithstanding the provisions of section 106(3) [17 USCS § 106(3)], the owner **of a particular copy** or phono record lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of **that copy** or

phono record. 17 USCS § 109(a) (Emphasis supplied).

■■■ As the text of the statute states unambiguously, the first sale doctrine applies to disposal of one particular tangible copy; it does not admit of unlimited copying and dissemination of those copies. Thus, It does not permit Adcom to reproduce the tangible copy to which Gener may own a copyright, or to distribute such reproductions, which is at the core of controversy between Gener and Adcom in this federal action. *See* Patry, *supra*, at 847; see also H.R. REP. No. 1476, 94th Cong., 2d Sess. 79 (1976); *Allen–Myland, Inc. v. IBM Corp.*, 746 F.Supp. 520, 537–538 (E.D.Pa.1990); *Secure Services Technology, Inc., v. Time & Space Processing, Inc.*, 722 F.Supp. 1354, 1364 (E.D.Va.1989); *Midway Mfg. Co. v. Strohon*, 564 F.Supp. 741, 745 (N.D.Ill.1983). Absent any agreement transferring copyright rights, the first sale doctrine does not permit Adcom to reproduce the tangible material it owns, or to distribute such reproductions without the copyright holder's consent or authorization.

In *Bobbs–Merrill Co. v. Straus*, 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086 (1908), the Supreme Court held that the exclusive statutory right to "vend"[9] applied only to the first sale of the copyrighted work, but limited the doctrine of first sale to the particular tangible book: "[t]he purchaser of a book, once sold by authority of the owner of the copyright, may sell it again, although **he could not publish a new edition of it.**" *Id.* (Emphasis supplied).

■■ The "first sale doctrine" permits sale of a **material object** in which copyright is embodied **without transferring ownership of copyright.** *Design Options, Inc. v. BellePointe, Inc.*, 940 F.Supp. 86 (S.D.N.Y.1996). The doctrine prevents the copyright owner from controlling future transfers of a **particular copy** of a copyrighted work after he has transferred its "material ownership" to another. *Columbia Pictures Industries v. Redd Horne*, 749 F.2d 154, 159 (3d Cir.1984). When a copyright owner parts with title to a particular copy of his copyrighted work, he thereby divests himself of his exclusive right to vend that **particular copy.** *Id.* See *United States v. Powell*, 701 F.2d 70, 72 (8th Cir.1983); *United States v. Moore*, 604 F.2d 1228, 1232 (9th Cir.1979).

This is consistent with the Supreme Court's latest interpretation of the doctrine, holding that "[a]fter the first sale of a copyrighted item 'lawfully made under this title,' any subsequent purchaser, whether from a domestic or from a foreign reseller, is obviously an 'owner' of *that* item." *Quality King Distribs.*, 523 U.S. at 145, 118 S.Ct. 1125. Absent a distribution copyright agreement between Gener and Adcom,[10] the most that Adcom could do is sell "that"[11] particular photo.

---

**9.** In 1908, when *Bobbs–Merrill* was decided, the copyright statute provided that copyright owners had "the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing, and vending" their copyrighted works. Copyright Act of 1891, § 4952, 26 Stat. 1107 (Emphasis supplied).

**10.** We must remember that Adcom stated as *undisputed* the fact that "[n]o copyright was claimed or reserved in the contract between Gener and Adcom." **(Docket No. 23).**

**11.** In its relevant sense, according to Webster's, the demonstrative adjective "that" denotes the "being the person, thing, or idea specified, mentioned, or understood b: being the one specified-usually used for emphasis <that rarity among leaders> <that brother of yours> c:so great a:SUCH" Thus "that item" as expressed by the Supreme Court, or "that copy" as expressed in the act, refers to the specified item that was sold and to nonunique reproductions of the item sold absent a transfer of the copyright rights.

Accordingly, given the uncontroverted fact that no agreement to transfer the copyright was made, Gener could transfer the particular copies of material objects—the photographs stored on the hard drive—to Adcom without selling, transferring, or otherwise compromising his copyrights. It is also clear under section 109 and the "first sale doctrine" that Adcom, could transfer or sell those particular copies, but could neither reproduce them nor distribute them in reproduced form without violating Gener's claimed copyrights.

■■■ The transfer of ownership in a particular copy of a photograph to Adcom does not affect Gener's exclusive right under § 106 to authorize reproductions of the photographs. *Redd Horne,* 749 F.2d at 160; *Powell,* 701 F.2d at 72; *Moore,* 604 F.2d at 1232. The first sale doctrine, therefore, cannot protect Adcom, as alleged infringer of Gener's Section 106 rights by allowing for the voluminous unlawful reproduction of his works in Adcom's shoppers, at least at the summary judgment level. If Adcom wanted to do something other than sell a particular copy, it had to reach an agreement with Gener to that effect.[12] Such agreement transferring the copyright and distribution rights to Adcom is absent in this case pursuant to the parties own admission. Thus, the first sale would be no defense to the unlawful reproductions.

Absent that agreement, Adcom can only sell each of the more than 400 individual tangible photographs which it owns to whomever it wants, without violating the copyright which Gener may hold in that photograph. What Adcom nor anyone else can do, in the absence of an agreement, under section 109(a) and its exceptions, is make or distribute copies of those photo-

graphs, much less make unlimited reproductions or alterations of them in weekly shoppers. *See Columbia Pictures Industries, Inc. v. Aveco, Inc.,* 800 F.2d 59 (3d Cir.1986) (holding the rights protected by copyright are divisible and the waiver of one does not necessarily waives the others).

Gener has called to our attention to the many recent cases dealing with Internet file-sharing. *See, e.g., A & M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004 (9th Cir.2001); *In re Aimster Copyright Litigation,* 334 F.3d 643 (7th Cir.2003); *Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). Those cases address the legality of various networks by which individuals who had initially legally purchased individual copies of musical works reproduced and widely distributed copies of those works without the permission of, or payment to, the copyright holders. The cases are indeed relevant to show the illegality of the copying and distribution engaged in by the file-sharing participants of those networks. By reproducing and widely distributing copies of plaintiff Gener's works without permission or payment, Adcom would have acted in a manner identical to that of the file-sharers and would have no first sale doctrine available as a defense.

On the sole facts of this case which are before the Court, Adcom's ownership of certain tangible photographs, Gener's claimed ownership of the copyright interest, and Adcom's alleged wholesale reproduction and distribution of those photographs without permission or payment—the first sale doctrine would not apply. Adcom propounded no additional facts to

---

12. A copyright is not transferred automatically with the transfer of the copyrighted good; there must be a memorandum in writing for

the sale of a copyright to be enforceable. *ITOFCA, Inc. v. MegaTrans Logistics, Inc.,* 322 F.3d 928 (7th Cir.2003).

bolster its first sale doctrine defense. Absent such facts, the issue then cannot be decided in summary judgment.

In view of the above, it is recommended that Adcom's motion for summary judgment on grounds of the first sale doctrine be DENIED.

### B. Gener's Alleged Failure to Disclose State Court Litigation to the Copyright Office.

Adcom further alleges in its motion for summary judgment that Gener intentionally failed to disclose to the Copyright Office that "the copyrighted works belonged to Adcom", suggesting by this allegation that a "cloud" exists on the copyright registrations granted to Gener.

 However, we are again faced with a recurring problem: the failure to distinguish the work itself from the copyright rights to reproduce said work. Gener was under no duty to disclose Adcom's ownership of the tangible works, and such failure to disclose prior litigation over "a computer disk" and "photos" contained therein does not affect the copyright. We explain.

Section 202 of the copyright law clearly states the crucial distinction between ownership of a material object in which copyright is embodied and ownership of the copyright itself—in this instance, between the photographs which Adcom owns and the copyrights owned by Gener which are the subject of this litigation. 17 U.S.C. § 202. Gener does not dispute that the owner of the tangible objects is Adcom, and that is certainly a matter already decided by the state court.

However, the litigation that took place in the Commonwealth's Court, of which Adcom expected Gener to inform the Copyright Office, had nothing to do with copyright, or with copyright infringement. All that was litigated in state court was the ownership of tangible material. From the face of the judgments, there was never any "infringement litigation" that should have been disclosed by Gener before the Copyright Office when he sought his registrations. That matter was equally dealt with by the Court of Appeals as follows:

> Gener challenges the identity of the Puerto Rico and federal actions, arguing that the Puerto Rico action did not arise under federal copyright law, and he could not have brought the present copyright infringement action in the Puerto Rico court because, under 28 U.S.C. § 1338(a), the Puerto Rico court would have lacked subject matter jurisdiction.

> We agree. The Circuit Court of Appeals specifically construed Adcom's Puerto Rico action as arising under Puerto Rico law. It carefully emphasized that the case was not **"a claim for an author's patrimonial rights, but a claim for the delivery of a computer diskette."** *See Gener–Villar v. Adcom Group, Inc.,* 417 F.3d at 206 (Emphasis supplied).

Relitigation in the trial court of matters that were explicitly or implicitly decided by an earlier appellate decision in the same case is to be avoided. *See United States v. Vigneau,* 337 F.3d 62, 67 (1st Cir.2003).

Adcom cannot challenge that Gener did not properly disclose to the Copyright Office that there was a "prior claim" over a copyright registered by Gener, when the only matter litigated in any court prior to Gener's copyright claim had nothing to do with the copyright of the photographs, but "a claim for the delivery of a computer diskette." Adcom cannot simply assert, as an undisputed factual conclusion, that Gener intended to mislead the Copyright Office because he did not report the existence of the state court's litigation, since

copyrights were never litigated in state court and the Copyright Office seeks to protect copyrights, and does not serve as an archive of titles to tangible objects.

We have examined the cases concerning omissions or misstatements on a copyright registration. All such cases involve the copyright registrant's intent or knowledge, for which summary judgment is inappropriate. *JBJ Fabrics, Inc. v. Brylane, Inc.,* 714 F.Supp. 107, 109 (S.D.N.Y.1989). Even where a registrant has failed to inform the Copyright Office of an earlier infringement claim, said failure did not amount to "deliberate misrepresentation," but rather, "innocent misstatement[s]." *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 785 F.Supp. 576, 582 (E.D.La.,1991), affirmed in part, reversed in part on other grounds in *Engineering Dynamics, Inc. v. Structural Software, Inc.,* 26 F.3d 1335, 1336 (5th Cir.1994).

■■ Here there is no "innocent misstatement" but rather an imputed omission of facts irrelevant to copyright: the ownership of a computer disk. A valid registration is not jeopardized by inadvertent, immaterial errors in an application. *Raquel v. Educ. Mgmt. Corp.,* 196 F.3d 171, 177 (3d Cir.1999), *cert. granted & judg. vacated on other grounds,* 531 U.S. 952, 121 S.Ct. 376, 148 L.Ed.2d 289 (2000); *Data Gen. Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1161 (1st Cir.1994).

At the time Gener sought and obtained his copyright registration, Adcom had merely asserted its ownership of the tangible materials, which Section 202 clearly distinguishes from the copyright. Thus, there was no duty by Gener to disclose anything pertaining to the state court's litigation over the disks.

In any event, the issue of intent which is the substance of Adcom's assertion is not appropriate for determination on summary judgment, in particular where no proof of intent to defraud has been shown to the court. Issues of intent are questions of fact and no facts are present here to support an assertion of deliberate misrepresentation and much less a duty to disclose facts that are immaterial to copyright.

In view of the foregoing, it is recommended that Adcom's motion for summary judgement on grounds of Gener's failure to disclose the state court's litigation to the Copyright Office be DENIED.

### C. Lack of Notice and Innocent Infringer.

Finally, Adcom alleges that it was an "innocent infringer", on the grounds that Gener did not apply copyright notice to his photographs. Adcom ascribes much importance to this lack of notice. However, Adcom's reliance on notice seems misplaced. While it is true that the Copyright Act of 1976 initially required that notice appear on copyrighted works in order to recover damages for infringement, the Berne Convention Implementation Act, Pub.L. No. 100–568, 102 Stat. 2853 (1988), effective on March 1, 1989, made notice optional rather than mandatory, although incentives to encourage notice were retained. *See* 17 U.S.C. § 401. Congress has now adopted the following **optional** notice requirement:

(a) General Provisions.—Whenever a work protected under this title is published in the United States or elsewhere by authority of the copyright owner, a notice of copyright as provided by this section *may* be placed on publicly distributed copies from which the work can be visually perceived, either directly or with the aid of a machine or device. 17 U.S.C.A. § 401 (emphasis supplied).

■■ Copyright notice is no longer required, nor a prerequisite to copyright protection. Notice requirements remain

in effect for works that predated the Convention, but that is not applicable to the instant case. *See Norma Ribbon & Trimming, Inc. v. Little,* 51 F.3d 45 (5th Cir. 1995); *Innovative Networks, Inc. v. Satellite Airlines Ticketing Centers, Inc.,* 871 F.Supp. 709 (S.D.N.Y.1995); *Charles Garnier, Paris v. Andin Intern., Inc.,* 844 F.Supp. 89 (D.R.I.1994) *and see Charles Garnier Paris v. Andin Intern., Inc.,* 36 F.3d 1214 (1st Cir.1994); *Value Group, Inc. v. Mendham Lake Estates, L.P.,* 800 F.Supp. 1228 (D.N.J.1992).

Insofar as notice has not been mandatory since 1989, all that notice affects in this case is whether damages will be mitigated for Adcom as an admitted infringer. The defense is available to Adcom with respect to its defense of excessive damages. That is as an issue to be assessed at trial.

Per the state court's judgments, Adcom was aware at least as early as May, 4, 2000, that Gener was claiming his exclusive copyrights over the photos. Although the photos did not have a "©" affixed **(Docket No. 11),** giving Adcom notice of registration, Adcom had actual notice of said claim sufficient to satisfy a pre-Berne court. Plaintiff Gener avers Adcom's alleged infringements continued after receiving actual notice as of May 4, 2000, and continue to this day.

Adcom's plea of innocent infringement does, however, constitute an admission of infringement by Adcom which establishes its liability. The extent and scope of Adcom's infringements are all **issues of fact.** Issues of fact which are in dispute cannot be addressed under a motion for summary judgment. Adcom has never laid out a single fact to support its claim of "innocence". *See Adcom Statement of Undisputed Facts,* 7–23–2003 **(Docket No. 23).** To the contrary, the state court's judgments, now properly in the record, show Adcom was not innocent and received actual notice that Gener intended to pursue copyright claims in federal court even before they were registered with the Copyright office and whether it infringed thereafter, is an issue of fact not subject of summary disposition.

Accordingly, summary judgment on these grounds is not appropriate.

### D. Adcom's other Grounds for Summary Judgment.

Other collateral allegations (some not fully briefed or discussed properly) were also raised in Adcom's motion for summary judgment as follows:

Also Plaintiff's alleged copyright is not an original work and lacks creativity; the photographs in question are only a compilation of a factual representation of products in commerce, which labels and trade dress belong to its owners, and plaintiff cannot make them its intellectual property; the photographs in question are not works of artistic craftsmanship in terms of their mechanical or utilitarian aspects are concerned; this action is an abuse of the alleged copyright, which constitutes an illegal and abusive restriction of commerce. Also, pursuant to 31 LPRA 1401(e), under local law plaintiff is impeded to claim a moral right to the photographs in question because they are works created for advertisement purposes, which are not protected under local law for authorship purposes. *Defendant Adcom's Motion for Summary Judgment, pp. 2, 3; Defendants Motion to Reassert Summary Judgment, p. 2.*

Adcom has filed no statement of material facts before this Court on these issues other than the legal arguments propounded by its lawyer as reproduced above. Adcom relies specifically and entirely upon the arguments set forth in the memoran-

dum it originally offered in support of its first summary judgment motion; as it stated, "Adcom respectfully reasserts these grounds and adopts by reference the brief and Statement of Uncontested Facts filed on July 2003 ..." *Defendant's Motion to Reassert Summary Judgment, Docket No. 57, p. 2.* But none of the assertions of "lack of creativity" set forth in the paragraph above were properly supported by a factual record nor were they properly briefed in either Adcom's first or second motion for summary judgment. In furtherance of its collateral attack, Adcom twice refers to the copyrights as "alleged copyrights," thus admitting to a factual controversy over ownership of the copyright, but adducing no other facts in support of factual contention. No record is made or brought to the attention of the Court to impugn the originality of Gener's work or show that the pleadings should be interpreted to say that Gener has made a claim in this Court based upon moral rights, as if he were litigating state rights not under controversy.

While moral rights were briefly addressed, and disposed of, in the state court proceedings, nowhere in pleadings before this Court did Gener make a claim based upon moral rights, either under local law 31 LPRA 1401(e), or under 17 U.S.C. § 106A, which is the moral rights provision of the federal copyright law. Nor has Gener made any claim to ownership of the trade dress of others; Gener's claim throughout has been for ownership and control of the copyrights to his own images.

Adcom's confession that the copyright rights are in controversy or as "alleged copyright" overlooks the fact, uncontroverted until Adcom raised its "alleged controversy" statement, not in the factual record, but in the pleadings of counsel. However,:

In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court. 17 USC § 410(c).

Adcom has admitted said certificate was attached to the Amended Complaint. If Adcom wanted to rebut the existence of Gener's copyright, more than a mere allegation of "alleged copyright" must be made. Adcom cannot challenge the *prima facie* validity statutorily granted Gener's registrations with mere allegations of counsel. Any such issue attacking the validity of the copyrights—whether pertaining to validity, originality, or to collateral claims such as "illegal and abusive restrictions of commerce," are not supported by the factual record in summary judgment. *See Statement of Undisputed Facts in Support of its Motion for Summary Judgment, filed July 23, 2003, "incorporated by reference" in Adcom's second motion requesting summary judgment.* These new allegations are issues of fact that arise from the pleadings, which must now be raised in proper evidentiary adjudication of evidence before the trier of fact, not with mere allegations from counsel.

Furthermore, art for advertisements has been adjudged proper subject matter for copyright protection since 1903. *See Bleistein v. Donaldson Lithographing Co.,* 188 U.S. 239, 23 S.Ct. 298, 47 L.Ed. 460 (1903). Photography has been granted copyright protection even longer under U.S. law. *Burrow–Giles Lithographic Co. v. Sarony,* 111 U.S. 53, 4 S.Ct. 279, 28 L.Ed. 349 (1884). Adcom has neither raised nor addressed these cases. It has merely opposed Gener's *prima facie* valid copyrights

offering nothing but a series of unproven assertions of counsel.

The Court elects not to adopt Adcom's bald assertions without support from an evidentiary record and, to the contrary, finds that in the presence of nothing more that bald assertions, there are multiple issues of material fact which lead us to recommend that Adcom's motion for summary judgment be DENIED.

## CONCLUSION

In view of the foregoing, this Magistrate Judge recommends that co-defendant Adcom's Second Motion for Summary Judgment be **DENIED. (Docket No. 57).**

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").