SEBASTIAN MUSIC GROUP, INC.
d/b/a Sebastian Music Publishing,
et al., Plaintiffs

v.

Ramón Luis AYALA–RODRÍGUEZ
a/k/a Daddy Yankee, et al.,
Defendants.

Civil No. 07–1436 (JP).

United States District Court,
D. Puerto Rico.

Nov. 24, 2008.

Jean Paul Vissepó–Garriga, Esq., Vissepó & Sánchez Law Offices, San Juan, PR, for Plaintiffs.

Edwin Prado–Galarza, Esq., Francisco Ramos–Martínez, Esq., Prado, Núñez & Associates, P.S.C., Carlos G. Dalmau–Ramírez, Esq., Carlos Dalmau Law Offices, Guaynabo, PR, Tamara S. Pascual, Esq.,

Pascual, Moran & Associates, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Plaintiffs' motion for summary judgment (No. 52), and Defendants' opposition thereto (No. 53). Plaintiffs Sebastian Music Group, Inc., d/b/a Sebastian Music Publishing, and Eliel Lind–Osorio ("DJ Eliel") brought the instant action pursuant to the Copyright Act of 1976, 17 U.S.C. sections 101 *et seq.* (the "Copyright Act"). Plaintiffs allege that DJ Eliel is the co-author of two musical works for which Defendant Ramón Luis Ayala–Rodríguez ("Daddy Yankee") has filed copyright registrations claiming sole authorship. For the reasons stated herein, Plaintiffs' motion for summary judgment (**No. 52**) is hereby **DENIED.**

## I. MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE

The following material facts were deemed uncontested by all parties hereto at the May 22, 2008, Initial Scheduling Conference (No. 38).

1. Plaintiff DJ Eliel is an urban music Disc Jockey, producer, and composer.
2. Plaintiff DJ Eliel is the author of a number of musical compositions and melodic structures in the urban music genre that have been performed by renowned urban music artists such as Don Omar and Mario VI.
3. Plaintiff DJ Eliel's works have been included in records which have been distributed worldwide.

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were either agreed upon, or they were properly supported by evidence and not genuinely opposed.

1. On May 21, 2007, Plaintiffs filed a civil action for declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure and the Copyright Act, requesting that the Court declare Plaintiff DJ Eliel co-author of the "Lo que Pasó, Pasó" and "Cuéntame" musical compositions and sound recordings as featured in the "Barrio Fino" and "Barrio Fino En Directo" albums, and that Plaintiffs be delivered their share of monies derived from the commercial exploitation of such musical works.

2. Plaintiff Sebastian Group Inc. d/b/a "Sebastian Music Publishing" and "Sebastian Vidal Publishing," ("Sebastian Music"), is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, with its principal place of business located in the city of Carolina, Puerto Rico. Sebastian Music is a music publisher that is in the business of licensing and publishing musical compositions and is responsible for collecting on behalf of its writers/composers, mechanical royalties (statutory record royalties), performance royalties (radio play) and any other royalty and/or revenues for the exploitation of the compositions written by the authors it represents, such as DJ Eliel. DJ Eliel is an exclusive author/composer of Sebastian Group.

3. Plaintiff DJ Eliel is of legal age, single, and resident of Rio Grande, Puerto Rico. He is a renowned urban music DJ, producer, and composer/author.

4. Defendant Daddy Yankee is a renowned urban music artist in the "reggaetón" music genre and has recorded several albums such as "Barrio Fino" and "Barrio Fino En Directo."

5. Defendant El Cartel Records ("El Cartel"), is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. El Cartel is in the business of producing, recording, manufacturing, distributing and selling musical albums world wide. El Cartel, pursuant to agreements with Vidal Investment, Inc., and Universal Music and Video Distribution, Corp., is the company responsible for producing, recording, manufacturing, distributing, selling, exploiting and licensing the "Barrio Fino" and "Barrio Fino En Directo" albums which feature the "Lo que Pasó, Pasó" and "Cuéntame" musical composition and sound recording.

6. Defendant Los Cangris, Inc., d/b/a Los Cangris Publishing, ("Los Cangris"), is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico. Los Cangris is affiliated with the American Society of Composers, Authors and Publishers ("ASCAP"), a performing rights society. Los Cangris is a music publisher that is in the business of licensing and publishing the musical compositions "Lo que Pasó, Pasó" and "Cuéntame" as featured in the "Barrio Fino" and "Barrio Fino En Directo" albums distributed by El Cartel Records.

7. Plaintiff DJ Eliel entered into an exclusive publishing agreement with Plaintiff Sebastian Music, in which he became an exclusive writer/composer for said publishing company and transferred and/or assigned the rights of said composition to Sebastian Music. As a result, Sebastian Music would be responsible for collecting on his behalf all of the mechanical royalties (statutory record royalties), performance royalties (radio play), and any other royalty and/or revenues for the exploitation and/or licensing of the compositions that DJ Eliel had authored.

8. Defendant Daddy Yankee, without DJ Eliel's consent and/or acquiescence, submitted multiple registration forms, claiming full authorship rights of the "Lo que Pasó, Pasó" and "Cuéntame" musical compositions and sound recordings to the United Stated Copyright Right Office.

9. On July 20, 2004, Defendant Daddy Yankee, registered the Sound Recording of "Lo que Pasó, Pasó" and "Cuéntame" in certificate SR (Sound Recording Application Form) 348–713.

10. On April 13, 2005 Defendant Daddy Yankee, registered the words and music of "Lo que Pasó, Pasó" and "Cuéntame" in certificate PA (Performing Arts Application Form) 1–281–843.

11. The registration forms SR 348–713 and PA 1–281–843, as originally submitted, did not list any author other than Daddy Yankee.

12. Plaintiff Sebastian Music sent Defendants Daddy Yankee, El Cartel, and Los Cangris a letter requesting that the copyright records be amended to reflect DJ Eliel as co-author. The letter also requested that Defendants provide records of

the uses of the "Lo que Pasó, Pasó" musical composition and payment to Plaintiffs of amounts due based on DJ Eliel's alleged status as co-author.

## II. LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz,* 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Ins. Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman,* 985 F.2d at 1116.

## III. ANALYSIS

Plaintiffs argue in their motion for summary judgment that the songs "Lo que Pasó, Pasó" and "Cuéntame" are joint works co-authored by Plaintiff DJ Eliel and Defendant Daddy Yankee. In response, Defendants argue that any contribution by DJ Eliel to said songs was insignificant and did not rise to the level necessary to create joint authorship. The Court will now consider the parties' arguments.

The Copyright Act defines a joint work as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. The Copyright Act also establishes that "[t]he authors of a joint work are coowners of copyright in the work." 17 U.S.C. § 201(a). In order to establish co-authorship of a joint work, the claimant must show that each of the putative co-authors: (1) made independently copyrightable contributions to the work; and (2) intended to be co-authors whose

respective contributions would be merged into a joint work. *C & C Entertainment, Inc. v. Ríos–Sánchez*, 208 F.Supp.2d 139, 142 (D.P.R.2002) (citing *Thomson v. Larson*, 147 F.3d 195 (2nd Cir.1998)); *see also Cambridge Literary Properties, Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg.*, 510 F.3d 77, 88 (1st Cir.2007) (noting the Copyright Act's definition of a joint work is one prepared by two or more authors with intention that their contributions be merged).

■ With regard to the first element of the test for joint authorship, an author's contribution is independently copyrightable if the contribution is an "original work ... fixed in any tangible medium of expression." 17 U.S.C. § 102. The Copyright Act specifically includes musical works as one such category of original work. *Id.* A work of authorship is considered "original" if the work is independently created by the author, and it possesses at least some minimal degree of creativity. *CMM Cable Rep, Inc., v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1516 (1st Cir.1996); *Cabrera v. Teatro del Sesenta, Inc.*, 914 F.Supp. 743, 762 (D.P.R.1995).

In the present case, Plaintiffs argue that DJ Eliel made an independently copyrightable contribution to the songs in question. Specifically, Plaintiffs assert that DJ Eliel composed the music and melody for "Lo que Pasó, Pasó" and "Cuéntame." Plaintiffs also contend that DJ Eliel used various musical instruments to play the music that was added to Daddy Yankee's lyrics. By contrast, Defendants assert that the music for "Lo que Pasó, Pasó" was composed by Joan Ortiz, and the music for "Cuéntame" was composed by Luny Tunes. Defendants state that any contribution to the songs by DJ Eliel was limited to the "musical arrangement."

The factual conflict regarding the extent of DJ Eliel's participation raises a question as to whether he provided an original work independently subject to copyright protection. The evidentiary record does not resolve this conflict with sufficient certainty. Plaintiffs and Defendants have submitted sworn statements that are inconsistent with regard to the extent of DJ Eliel's contribution to the songs in question. Plaintiffs have also submitted evidence that the liner notes that accompany the album "Barrio Fino En Directo" state that "Lo que Pasó, Pasó" was "produced by Luny Tunes & Eliel." However, this evidence alone does not establish that DJ Eliel's contribution was independently copyrightable, as the word "producer" can refer to varying degrees of involvement, including situations where the producer's role does not include any original creative contribution. *Forward v. Thorogood*, 985 F.2d 604 (1st Cir.1993) (holding that producer who arranged and paid for recording sessions was not co-author). In sum, the first element of the test for joint authorship cannot be decided as a matter of law because the evidence submitted leaves open a factual question as to whether DJ Eliel contributed a work that was independently made and that possessed the required minimal degree of creativity.

■ Though the genuine issue regarding the first element is enough to deny summary judgment, the Court will go on to discuss the second element of the test for joint authorship—the parties' intent. Plaintiffs argue that Daddy Yankee and DJ Eliel intended that their respective contributions to "Lo que Pasó, Pasó" and "Cuéntame" be merged into a joint work. Plaintiffs assert that this intent was expressed during a visit to the Luny Tunes studios in late 2003 or early 2004, when Daddy Yankee approached DJ Eliel and asked him to collaborate with him on the songs in question. DJ Eliel's sworn statement describes this meeting and states

that Daddy Yankee asked him to create the musical melody for both songs. Plaintiffs have submitted no additional proof of the meeting. Defendants deny that this meeting occurred, and have submitted a contradictory sworn statement from Daddy Yankee. The conflict in the evidentiary record precludes the Court from deciding on summary judgment whether Plaintiffs have established the intent element of joint authorship. *See Gener–Villar v. Adcom Group, Inc.,* 530 F.Supp.2d 392 (D.P.R. 2007) (denying summary judgment due to existence of genuine material issues of fact in copyright case). Because factual disputes exist as to both of the elements required to establish joint authorship under the Copyright Act, summary judgment for the Plaintiffs is not appropriate.

## IV. *CONCLUSION*

In conclusion, the Court **DENIES** Plaintiffs' motion for summary judgment.

**IT IS SO ORDERED.**