**CANAL INSURANCE COMPANY, Plaintiff, Appellee,**

v.

**Darrell A. BENNER, et al., Defendants, Appellees,**

**Gary Lebreton, Defendant, Appellant.**

**CANAL INSURANCE COMPANY, Plaintiff, Appellee,**

v.

**Darrell A. BENNER, Defendant, Appellant.**

**Nos. 92–1360, 92–1420.**

United States Court of Appeals, First Circuit.

Heard Sept. 11, 1992.

Decided Nov. 24, 1992.

Valerie Stanfill, with whom Paul F. Macri, Berman & Simmons, P.A., Lewiston, Me., Peter B. Bickerman and Lipman & Katz, P.A., Augusta, Me., were on brief, for appellants LeBreton and Benner.

John W. Ballou, with whom Mitchell & Stearns, Bangor, Me., was on brief, for appellee Canal Ins. Co.

Before TORRUELLA, Circuit Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

PER CURIAM.

On this appeal, we review the district court's interpretation of a motor vehicle liability insurance policy. The district court initially found an "occupant hazard" exclusion clause in the policy void as contrary to public policy. It then held that the amount of coverage under the policy would be limited to the minimum amount required by Maine's Financial Responsibility Law, rather than the full and greater amount of liability coverage provided by the policy. The insured appeals the latter determination. We affirm.

## I

Darrell Benner was the named insured in a motor vehicle liability insurance policy issued by Canal Insurance Company ("Canal"). The policy contained an endorsement entitled "Occupant Hazard Excluded," which reads as follows:

> It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile.

> It is further agreed that, in the event the company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the company for any and all loss, costs and expense incurred by the company.

On August 30, 1990, Gary LeBreton was a passenger in a tractor trailer owned by Benner and driven by Keith Whitney on State Highway Route 137 in the Town of Knox, Waldo County, Maine. The tractor left the road, overturned and LeBreton was injured.

LeBreton brought suit against Benner and Whitney in Waldo County Superior Court seeking damages for his injuries. In that action, LeBreton alleges that Whitney's negligent operation of the tractor trailer caused the injuries he sustained and that Benner is liable because Whitney was acting as Benner's employee at the time of the accident.

Benner called upon Canal to defend him in the litigation and to indemnify him up to the policy limit. In response, Canal brought this declaratory judgment action in the District Court for the District of Maine seeking a determination that it was not obligated under the policy to defend either Benner, or his employee, Whitney, nor to indemnify Benner or Whitney for any damages that they may have to pay to LeBreton.

The parties filed cross-motions for summary judgment. The district court granted summary judgment in favor of appellants Benner, Whitney and LeBreton finding that the Occupant Hazard Exclusion was contrary to public policy because it conflicted with Maine's Financial Responsibility Law.[1] Regarding the amount of coverage to be paid by the insurer, the court concluded that Canal was obligated to pay to its insured the minimum amount required by Maine's financial responsibility statute—$20,000 for any one person injured—rather than the full amount of liability coverage of $750,000 provided by the policy. The district court's determination to limit coverage to the minimum amount required by Maine's financial responsibility Law was premised on two "facts":

> First, the premium paid for the policy was undoubtedly based on the inclusion of the occupant exclusion. Second, and more importantly, even though the exclusion is contrary to public policy the insurer would still have the opportunity to limit its policy to the minimum amount required by the statute, and limit excess coverage by an occupant exclusion.

Unsatisfied with this result, appellants Benner and LeBreton appeal claiming that the district court should have awarded the full amount of liability coverage provided by the policy.[2]

## II

Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). We review the district court's grant of summary judgment *de novo. FDIC v. World University Inc.*, 978 F.2d 10, 13 (1st Cir.1992) ("Our review of a summary judgment ruling is plenary.").

## III

The issue of whether, if an endorsement in an insurance policy is held void as contrary to the State's public policy, the limit of liability under the policy will apply (in this case, $750,000) or whether the limits should be those contained in State law ($20,000) has divided courts. Some courts have concluded that the liability limit is the full and generally greater amount of coverage. *E.g., State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d 557 (Del.1988); *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Colo.1984); *Missouri Medical Insurance Co. v. Wong*, 234 Kan. 811, 676 P.2d 113 (1984). Other courts limit the liability to the minimum statutory requirements. *E.g., Collins v. Farmers Ins. Co.*, 312 Or. 337, 822 P.2d 1146 (1991); *Walther v. Allstate Ins. Co.*, 83 Md.App. 405, 575 A.2d 339 (1990); *State Farm Mut. v. Nationwide Mut.*, 516 A.2d 586 (Md.1986); *Estate of Neal*, 93 Nev. 348, 566 P.2d 81 (1977); *Tibbs v. Johnson*, 30 Wash.App. 107, 632 P.2d 904 (1981); *De Witt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *Estate of Neal v. Farmers Ins. Exchange*,

---

**1.** Section 780 of that law requires that "[e]very operator or owner of a motor vehicle, trailer, or semitrailer registered in this State shall maintain at all times the amounts of motor vehicle liability insurance or financial responsibility specified in Section 787." 29 M.R.S.A. § 780. Section 787 requires a minimum $20,000 for

one person and $40,000 for two or more persons injured in the same accident and $10,000 of coverage for property damage.

**2.** Canal has not appealed the district court's holding that the occupant hazard exclusion is void.

93 Nev. 348, 566 P.2d 81 (1977); *State Farm Mutual Auto Ins. Co. v. Shelly,* 394 Mich. 448, 231 N.W.2d 641 (1975).

Maine's Supreme Judicial Court has not decided this issue. Not surprisingly, both parties contend that the Maine courts would follow their respective interpretation of the effect of finding the endorsement void. Appellants assert that the district court's decision was contrary to the clear language of the policy because the policy provided coverage of $750,000. They argue that Canal could have drafted its occupant hazard endorsement so that if the exclusion were held invalid, coverage would be limited to the minimum amount of the relevant state's financial responsibility statute. Appellants' argument has a superficial appeal, but no real substance. Absent bad faith on the insurer's part, why should a state requirement for a mandatory minimum impose not only the minimum, but an additional amount on this particular insurer simply because, in another connection, it had undertaken additional coverage? Without reaching constitutional questions, this would be an exaggerated application of public policy.

Appellants further argue that public policy concerns should have led the district court to apply the policy limit. The district court's decision limits recovery available to injured parties to the minimum amount which the Legislature established was necessary even though the legislative intent was to maximize insurance coverage.

Finally, appellants argue that there is no evidence in the record to support the district court's finding that "the premium paid for the policy was undoubtedly based on the inclusion of the occupant exclusion." This last argument defies common sense because the premium that one pays for an insurance policy is based on the amount of risk.

In *Nichols v. Anderson,* 837 F.2d 1372 (5th Cir.1988), the Fifth Circuit held that if an exclusion in a motor vehicle policy is held invalid as against public policy, cover-

age should be limited to the extent required to meet the State's public policy. The motor vehicle insurance policy in *Nichols* contained an endorsement limiting coverage to accidents within 150 miles of McCrory, Arkansas. The Fifth Circuit found that endorsement void as against the public policy of Arkansas. *Id.* at 1374 (citing *Nichols v. Anderson,* 788 F.2d 1140 (5th Cir.1986)). In the absence of Arkansas decisions providing guidance, the Fifth Circuit relied on Section 184 of the *Restatement (Second) of Contracts.* The court found as follows:

> Subsection 184(1) states that if less than all of a contract violates public policy, the rest of the contract may be enforced unless the unenforceable term is an essential part of the contract. Clearly in this case we should not void the entire insurance contract, for such an action would contravene the [State's] policy requiring minimum coverages. Subsection 184(2) expands the *Restatement*'s rule and applies it to the specific term that was found to violate public policy. According to that subsection, a court may treat only part of a term as invalid if the parties acted in good faith. This rule is intended to apply when a term is invalid because it is too broad and a narrower term would be enforceable.

*Nichols,* 837 F.2d at 1375 (citing § 184 comment b). Based on Section 184(2) of the *Restatement,* the Fifth Circuit held that when there is no claim of bad faith, courts should "adjust the contract as little as possible to enable the parties to have a contract as close to what they intended as possible." *Id.* at 1376. Since the radius exclusion clause was invalid as against state policy, which required $25,000 of coverage, the Fifth Circuit found that the insurer should be liable for $25,000 and not for the $100,000 policy limit.

■ We find the Fifth Circuit's reasoning persuasive.[3] Basic canons of contractual interpretation support the holding that when an exclusionary clause is invalidated,

---

**3.** In their Reply Brief, appellants argue that *Nichols* is not applicable because in Maine ambiguous insurance policies are to be construed against the drafter. That argument misses the

point. The insurance contract at issue is not ambiguous; it contained an exclusion that was contrary to the public policy of Maine.

the effect of the invalidation is to require the insurer to provide coverage up to the statutory minimum. Appellant's have made no claim that Canal acted in bad faith. The district court's determination that "the premium paid for the policy was undoubtedly based on the inclusion of the occupant exclusion" is eminently reasonable. Insurance policies are issued based on risk, and excluded risks lower the exposure and concomitantly the premium. Since the exclusion is invalid due to the Financial Responsibility Law, an insurers' exposure—particularly when there was no bargaining process relative to that exposure—should be limited to the minimum required by Maine's Financial Responsibility Law.

The judgment of the district court is *affirmed.*