**UNITED STATES of America, Plaintiff,**

v.

**PAN AMERICAN GRAIN MANUFACTURING CO, INC., Defendant.**

No. CIV. 98–1197 (JP).

United States District Court, D. Puerto Rico.

Nov. 24, 1998.

José Javier Santos–Mimoso, Assistant United States Attorney, Hato Rey, PR, Francis X. Lyons, Department of Justice, Environmental and Natural Resources Division, Environmental Enforcement Section, Washington, DC, for Plaintiff.

Mario Pabón Rosario, Moreda & Moreda, Jorge Segurola, Goldman Antonetti & Córdova, San Juan, PR, for Defendant.

## ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendant's Motion for Summary Judgment (**Docket No. 12**), Plaintiff United States of America's Response to Defendant's Motion for Summary Judgment (**Docket No. 14**), and Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment (**Docket No. 17**).

Defendant states that four of Plaintiff's fourteen claims for relief in this litigation should be dismissed for lack of jurisdiction. According to Defendant, Plaintiff failed to comply with the jurisdictional requirement of serving Defendant with a Notice of Violation ("NOV") setting forth these four violations. See 42 U.S.C. § 7413(b). The four claims at issue arise from Plaintiff's allegations that Defendant violated Rule 423(A)(1)(i) of the

Regulation for the Control of Atmospheric Pollution for Puerto Rico ("RCAP").[1]

## II. FACTUAL BACKGROUND

Defendant is a corporation which owns and operates three grain facilities located in or nearby the boundaries of the County of Guaynabo, an area that has been classified a non-attainment area under the Clean Air Act ("the Act"). The three facilities are the Army Terminal facility ("Army"), the Amelia facility ("Amelia"), and the Arroz Rico Facility ("Arroz"). According to Plaintiff, in handling and processing grain, all facilities emit PM–10, an air pollutant as defined in 42 U.S.C. § 7602(g).

On or about November 8, 1995, EPA issued an NOV alleging that Defendant had violated several provisions of Rule 423 of the RCAP at Army, Amelia, and Arroz. Thereafter, on or about March 26, 1997, EPA issued a second NOV again alleging Rule 423 violations at the three facilities. The NOVs made several findings, which are the subject of the Court's analysis in ruling on Plaintiff's Motion for Summary Judgment.

On February 26, 1998, Plaintiff filed a Complaint, containing fourteen claims of relief and seeking injunctive relief and the assessment of civil damages pursuant to Section 113(b)(1) of the Act, 42 U.S.C. § 7413(b)(1) *See* Pl's Compl. Plaintiff argues that Defendant violated the Act and other regulations, including the SIP and RCAP.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment serves to "assess the proof in order to see whether there is a genuine need for a trial." *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). Under Rule 56(c) of the Federal Rules of Civil Procedure, a summary judgment is in order when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *Goldman v. First National Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *see Canal Insurance Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). A fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson* 477 U.S. at 248, 106 S.Ct. 2505.

In a summary judgment motion, the Movant bears the initial burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the Movant does not bear the burden of proof at trial, as is the case here, it must show no reasonable fact finder could find that the non-Movant has established the requisite elements of its claim. *Id.* at 325, 106 S.Ct. 2548. Once the moving party meets his burden of proof, the burden shifts to the non-Movant, who may not "rest upon mere allegations or denials of . . . the pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Goldman,* 985 at 1116; *see Celotex,* 477 U.S. at 324, 106 S.Ct. 2548; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court assesses Parties' arguments within this procedural structure.

## IV. DISCUSSION

In its Motion for Summary Judgment, Defendant argues that the Court

---

1. According to Section 109 of the Clean Air Act, 42 U.S.C. § 7409, the EPA must promulgate regulations establishing national air quality standards ("NAAQS's") for certain air pollutants. Under Section 110(a) of the Act, 42 U.S.C. § 7410(a), each state must adopt and submit to the EPA a State Implementation Plan ("SIP") for the attainment and maintenance of the NAAQSs. On May 31, 1995, EPA approved the RCAP. Puerto Rico's SIP and RCAP arc the subject of this litigation.

should dismiss Plaintiff's Third, Fifth, Tenth, and Eleventh Claims for Relief in its Complaint. According to these four claims, Defendant failed to comply with "Baghouse" performance testing requirements set forth in Rule 423(A)(1)(i) of RCAP.[2] Defendant alleges that the Court lacks jurisdiction over these claims because Plaintiffs failed to comply with 42 U.S.C. § 7413(b) which requires that before "the EPA has jurisdiction to bring a civil enforcement action, (1) the source which is allegedly in violation must be notified by the EPA of the violation, and (2) the source must disregard the warning and persist in the alleged violation for 30 days." *U.S. v. Louisiana–Pacific Corp.,* 682 F.Supp. 1141, 1155 (D.Colo.1988). Under § 7413(b), EPA can bring such civil enforcement action "only on the basis of the *specific violation alleged in the NOV* and only where the specific violation has continued for 30 days." *Id.* (citing to *United States v. Louisiana–Pacific Corp.,* 682 F.Supp. 1122, 1128 (D.Colo.1987)) (emphasis added). This requirement is jurisdictional. *See United States of America v. Ford Motor Co.,* 736 F.Supp. 1539, 1550 (W.D.Mo.1990). Thus, if EPA fails to comply with these requirements, the Court will lack jurisdiction.

The Court finds no genuine issues of fact regarding the content of the NOV, both parties agree on their content. Rather, their disagreement hinges on an issue of law: whether the NOVs gave sufficient notice to Defendants as to the claims at issue pursuant to 42 U.S.C. § 7413(b). Moreover, the Court finds no issues of genuine fact because Plaintiffs failed to comply with the local rules which require that "the papers opposing a motion for summary judgment shall include a separate, short, and concise statement of material facts as to which it is contended that there exists a genuine issue to be tried, properly supported by specific reference to the record." D. Puerto Rico R. 312(12). Thus, the Court considers Defendant's statement of material facts to be uncontroverted.

The Court does not believe that the issue regarding the sufficiency of an NOV is a complicated matter. The statute and interpretative case law cited above are clear in that EPA must comply with certain requirements to bring an action under the Act. EPA must send notice to the potential defendant detailing the violation(s) of environmental protection regulations it has allegedly incurred. *See* 42 U.S.C. § 7413. (Def's Answer to Compl. at Ex. A & B).

■ The Court refers to the NOVs to determine whether Plaintiff sufficiently detailed the alleged violations. Plaintiff organized the NOVs into a general section of findings and three sections of itemized findings for each of their three facilities. In the general findings section of both NOVs, Plaintiff's sole reference to Rule 423(A)(1)(i) states that "[it] requires that all fabric filter collection devices be performance tested using the appropriate EPA Reference Method listed therein the Court." No reference, however, is made in this general section of how this Rule applies to the individual facilities and no allegations of violations are made. To find the alleged violations, one would have to refer to the findings sections for the individual facilities. In both NOVs, Plaintiff's only allegations of Rule 423(A)(1)(i) violations refer to the Arroz facility. No mention is made regarding whether Army or Amelia fell short of complying with 423(A)(1)(i). Due to the organizational structure of the NOVs, it is far-fetched to conclude that all three facilities failed to comply with the section in issue. In fact, the perception is quite the contrary. Plaintiff explicitly states in both NOVs that the Arroz facility failed to meet the 423(A)(1)(i) standards, but did not allege that the other facilities violated 423(A)(1)(i). Therefore, Defendant had every reason to believe that according to the NOVs, the other two facilities were not in violation of 423(A)(1)(i) standards. The Court is reminded of the principle of *expressio unius est exclusio alterius,* a statutory interpretation principle which states that the expression of

---

**2.** According to Plaintiff, a "fabric filter collection device" is commonly referred to as a "baghouse." *See* Pl United States of America's Mem L. Opp'n Def's Mot. for Summ. J at 7. Plaintiff cites to Rule 423 of the RCAP of Puerto Rico, which is a part of SIP, for the proposition that "All fabric filter collection devices must be performance tested using [the specific methods listed in the regulations]." *Id.* at 6–7.

one thing is the exclusion of another. *See* BLACK'S LAW DICTIONARY 581 (6th ed.1990).

Furthermore, the Court does not agree with Plaintiff's argument that the NOVs contain express language which put Defendant on notice as to the requirement that all baghouses be performance tested. It is not enough to put the party on notice. EPA has to *affirmatively* allege what are its findings and violations. *See U.S. v. Louisiana–Pacific Corp.*, 682 F.Supp. at 1155 (emphasis added). In addition, the Court does not agree with Plaintiff's argument that it is sufficient notice to say that Respondent is in violation of Rule 423 of Part IV of the RCAP. (Pl United States of America's Opp'n to Def's Motion for Summ J at 11–12) Part IV of the RCAP contains several requirements. Defendant had no way of knowing from such a broad statement which violation applied to the different facilities.

The need for specificity is evident from the *Louisiana–Pacific* Court's analysis. EPA is "empowered to bring such a civil suit *only* on the basis of the *specific* violation alleged in the *NOV*." *U.S. v. Louisiana–Pacific Corp.*, 682 F.Supp. at 1155 (emphasis added). Thus, due to Plaintiff's lack of specificity in their NOV's as they relate to potential violations of Rule 423(A)(1)(i) in the Army terminal and Amelia facilities, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment **DISMISSING** Plaintiff's Third, Fifth, Tenth, and Eleventh Claims for Relief. Ruling otherwise could set a dangerous precedent. Courts cannot allow the EPA to circumvent the requirements of specificity by including catch-all allegations that give Defendants no indication of the rules they are allegedly violating.

IT IS SO ORDERED.