Noel **RODRIGUEZ VAZQUEZ,**
et al., Plaintiffs

v.

Abraham **LOPEZ MARTINEZ,**
et al., Defendants

No. CIV. 01–1541(JP).

United States District Court,
D. Puerto Rico.

Feb. 21, 2003.

Eliezer Aldarondo–Ortiz, Claudio Aliff–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Hato Rey, PR, for Plaintiffs.

Johanna M. Emanuelli–Huertas, Pedro Ortiz Alvarez Law Offices, Ponce, PR, Marie Ceferina Javier–Villegas, Commonwealth Dept. of Justice, Fed. Lit. Div., San Juan, PR, for defendants.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

By Opinion and Order dated June 12, 2002 (docket No. 84), the Court denied Defendants' motion for summary judgment as to qualified immunity in the above captioned-case, due to Defendants' failure to file said motion on or before the deadline set for the filing of dispositive motions in this Court's Initial Scheduling Conference Order.[1] The Court reserved its final decision on the issue until after the jury verdict because a jury determination as to motive weighs heavily on the Court's assessment of qualified immunity. As the jury verdict in this case has now been entered disposing of all factual disputes, hereinafter, the issue of qualified immunity is being disposed of by this Court as a matter of law. *Kelley v. LaForce,* 288 F.3d 1 (1st Cir.2002); *Acevedo–García v. Vera–Monroig,* 30 F.Supp.2d 141 (D.Puerto Rico 1998) (Pieras, J.) aff'd 204 F.3d 1 (1st Cir.2000).

The Jury Trial commenced on November 14, 2002, and concluded on January 24,

---

1. Defendants appealed this Court's denial of their motion for summary judgment (appeal No. 02–2001) and requested a stay of the case pending a ruling by the First Circuit Court of Appeals. This Court certified Defendants' appeal as frivolous and proceeded with the disposition of the case. The First Circuit denied Defendants' motion to stay the case and affirmed this Court's orders regarding the Defendants' motion for summary judgment (docket No. 289).

2003, wherein the Jury returned a verdict in favor of Plaintiffs Noel Rodríguez Vázquez, Angel Rivera, Jerry Martínez Colón Luis Centeno Morales, Edgardo Febus de Jesús, Joaquín Soto Santiago Luis Morales Santiago, Andrés León Banks, José Bernier Pérez, Wilfredo González González, William Carbonell González, Héctor Rodríguez Mateo, Manuel Colón González, José León Rodríguez, Norma Cruz Justiniano, Carmen Aponte Martínez, Luis Ramírez Oliveras, Luis Rivera González, Edgard Tolentino Garay, Luis Bonilla Alvarado, Samuel González Carbonell, Guillermo Romero Lubres, Luis Velázquez Ortiz, Martín Morales Antonetti, Lydia Vargas Martínez, Marilyn Cruz Ramos, William Gotay Esparolini, Yadira Desardén Mateo, Radamés Velázquez Torres, Aníbal García Reyes, Alfredo Carrillo Morales, Pedro Cartagena Santiago, Lidia Gómez, Luz Nereida Arroyo Rosado, Miriam Cintrón Miranda, Ivette Ortiz Zayas, Edna Ortiz Rivera, and Evelyn Coll Díaz. Pursuant to Rule 52(c) of the Federal Rules of Civil Procedure, and in view of evidence presented, the Court hereby enters the following findings of fact and conclusions of law.

## II. FINDINGS OF FACT

1. The Defendants raised the issue of their qualified immunity in the Answer to the Complaint (affirmative defense).

2. The Defendants had the burden to prove their affirmative defense of qualified immunity.

3. The Jury Instructions did not contain a qualified immunity charge because qualified immunity is a matter of law that must be determined by the Court.

4. The Jury has decided all pertinent questions of fact.

5. The law on politically motivated terminations is clearly established.

6. The Jury found that political affiliation was a substantial or motivating factor in Co–Defendants' decision not to renew the Law 52 Plaintiffs' contracts, and to not recall these Plaintiffs to work after new Law 52 funds were approved and became available to the Municipality of Salinas, to not renew the contracts of the Plaintiff employees of the Federal Programs Division, and to assign the career employee Plaintiffs to unreasonably inferior working conditions.

7. The Jury found that Co–Defendant Mayor Abraham López Martínez was liable to 38 Plaintiffs for punitive damages because his actions were motivated by discriminatory animus.

## III. CONCLUSIONS OF LAW

1. As the Jury has already decided all genuine issues of material fact, it is now before the Court to decide the matter of qualified immunity as a matter of law, as it would decide a motion for summary judgment. *Kelley v. La-Force*, 288 F.3d 1 (1st Cir.2002).

2. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the non-moving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz*, 172 F.3d 122, 125 (1st Cir.1999); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Insurance Co. v. Benner*, 980 F.2d 23, 25 (1st Cir.1992).

The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

3. In order to award punitive damages, the Jury had to have first concluded that under the factual circumstances of the case, Defendant Mayor Abraham López Martínez knew that his actions were politically discriminatory and that his intention was to discriminate against the Plaintiffs.

4. The Jury's findings for punitive damages against Co–Defendant Mayor Abraham López Martínez also reflect that the Jury found him to have been "motivated by evil motive or intent, or [that his conduct] involved a reckless or callous indifference to Plaintiffs' federally protected rights". *See Marín–Piazza v. Aponte–Roque*, 873 F.2d 432, 435 (1st Cir.1989) (The threshold standard for punitive damages "embrac[es] not only 'evil motive and intent' but also 'reckless or callous indifference to the federally protected rights of others.' "); *see also Gómez–Candelaria v. Rivera–Rodríguez*, Civil Jury Instructions on Punitive Damages IV.B (Pieras, J.).

5. The fact that the Jury awarded punitive damages after considering the factual circumstances of this case, assists the Court to find as a matter of law that Co–Defendant Mayor Abraham López Martínez is not entitled to qualified immunity.

6. Further, the Jury's finding that political affiliation was a substantial or motivating factor for Co–Defendants decision not to renew the Law 52 Plaintiffs' contracts or not to recall them to work after the new Law 52 funds were approved and available, not to renew the contracts of the Federal Program Division Plaintiffs, and to assign the career Plaintiffs to unreasonably inferior working conditions, together with the fact that the law prohibiting political discrimination was clearly established, further assists this Court in finding as a matter of law that, under the factual circumstances of this case, Co–Defendants knew that they were violating Plaintiffs' First Amendment rights. Therefore, Co–Defendants are not entitled to qualified immunity.

7. Therefore, the Court, based on the above findings, and after having reexamined whether or not Co–Defendants actions were objectively reasonable, hereby enters judgment **DISMISSING** the affirmative defense of qualified immunity as a matter of law.

**IT IS SO ORDERED.**