Estela VILLANUSTRE, Plaintiff

v.

HARD ROCK CAFÉ PUERTO RICO,
INC., et al., Defendants.

Civil No. 07–1779 (JP).

United States District Court,
D. Puerto Rico.

June 5, 2008.

Roberto E. Vega–Pacheco, Esq., Hato Rey, PR, for Plaintiff.

Juan R. González–Muñoz, Esq., González–Muñoz Law Office, Pedro J. Manzano–Yates, Esq., Fiddler, González & Rodríguez, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is Defendants' motion for summary judgment (No. 26), and Plaintiff Estela Villanustre's ("Villanustre") opposition thereto (No. 29). Plaintiff Villanustre filed the instant complaint pursuant to the Pregnancy Discrimination Act of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and several Puerto Rico laws, alleging that she was terminated from her employment because of her sex and because she was pregnant. Defendants Hard Rock Café Puerto Rico, Inc., and Hard Rock Café International, Inc. (collectively "Defendants"), argue that Plaintiff Villanustre fails to state a *prima facie* claim of sex or pregnancy discrimination because Defendants did not replace Villanustre after her termination. Defendants further argue that Plaintiff Villanustre was fired for a reason unrelated to her pregnancy; specifically, that she knowingly breached Defendants' policy banning personal relationships between management and hourly staff. For the reasons stated herein, Defendants' motion **(No. 26)** is hereby **GRANTED.**

## I. MATERIAL FACTS NOT IN GENUINE ISSUE OR DISPUTE

The following material facts were deemed uncontested by all parties hereto at the January 3, 2008, Initial Scheduling Conference (No. 23).

A. Plaintiff Villanustre was employed by Hard Rock Café Puerto Rico, or a related company, from December 1998 to October 6, 2006.

B. Plaintiff Villanustre was employed as Operations Manager at the San Juan Hard Rock Café from November 28, 2004 to October 6, 2006.

C. On October 5, 2006, Plaintiff notified Odaliza Pagán ("Pagán"), the Financial Assistant/Operations Manager and individual responsible for Human Resources matters at the San Juan Hard Rock Café, that she was pregnant.

D. On October 4, 2006, Plaintiff requested and obtained a Protection Order from the Puerto Rico Court of First Instance against Tomás Echevarría ("Echevarría"), an hourly Hard Rock Café employee, Case No. OPA–2006–005903.

E. On October 5, 2006, a copy of the Protection Order against Echevarría was delivered to Arnold Cope ("Cope"), General Manager of the San Juan Hard Rock Café.

F. On October 5, 2006, Cope, in the presence of Pagán, instructed Plaintiff Villanustre to return to her house.

G. On October 13, 2006, Plaintiff Villanustre filed a sex and pregnancy discrimination and retaliation charge before the Equal Employment Opportunity Commission and the Anti Discrimination Unit.

H. At all relevant times, Hard Rock Café has had in full force and effect a policy regarding personal relationships between management and hourly employees.

I. The policy states that in all cases where a manager or employee violates Hard Rock Café's policy on personal relationships, Hard Rock Café reserves the right to take whatever action it deems necessary to

resolve a real or perceived conflict. The policy states that this may include termination.

J. Plaintiff Villanustre acknowledged receipt and awareness of Hard Rock Café's policy regarding personal relationships between management and hourly employees.

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were agreed upon, or they were properly supported by evidence and not genuinely opposed.[1]

1. Hard Rock Cafe's policy regarding personal relationships states: "To avoid potential for favoritism or discrimination, and to ensure the fair and consistent treatment of all staff members, personal relationships between management and hourly staff within the company are prohibited."

2. On Monday, October 2, 2006, Villanustre called Cope and told him that she would be absent because she was not feeling well.

3. Plaintiff Villanustre was absent from work on Tuesday and Wednesday, and returned to work on Thursday, October 5, 2006. Upon her return to work, Plaintiff Villanustre had a scratch on her nose, which she told Pagán had been caused by her son.

4. Upon receipt of the Protection Order against Echevarría, Cope contacted Megan Rossi ("Rossi"), Hard Rock Café International's Human Resources Manager, in Orlando, Florida, and Marty Perdicho to discuss the Order and seek guidance on how to handle the situation.

5. Rossi advised Cope to instruct Villanustre to return to her house while the matter was discussed.

6. When Cope instructed Plaintiff Villanustre to return to her house, she gave Cope her keys and her Micros card and said that she knew she was going to be fired. Cope told Plaintiff Villanustre that he would get back to her the next day.

7. Rossi recommended terminating Villanustre for her breach of the policy regarding personal relationships between management and hourly employees.

8. Rossi instructed Cope to notify Plaintiff Villanustre of the termination for violating Hard Rock Cafe's policy on personal relationships between management and hourly employees.

9. During the afternoon on October 5, 2006, Cope called Villanustre and asked her to meet with him on October 6, 2006. During the meeting, Cope informed Plaintiff Villanustre of her termination.

10. Unbeknownst to Rossi and Cope, Plaintiff Villanustre was pregnant at the time of her dismissal.

11. Before Villanustre was terminated from her employment, Pagán did not tell Cope or anyone else that Villanustre was pregnant.

12. Following the notice of termination, Villanustre called Pagán and asked her if she had told Cope of the pregnancy. Pagán told Villanustre

---

1. Plaintiff failed to file an opposition to Defendants' proposed uncontested material facts pursuant to Local Rule 56(c) of the Local Rules of the United States District Court for the District of Puerto Rico. As such, Defendants' properly-supported facts are deemed admitted.

that she did not inform Cope of the pregnancy and asked her (Villanustre) if she had told him. Villanustre said that she did not tell Cope of her pregnancy.

13. According to Cope and Rossi, the decision to terminate Villanustre was unrelated to her pregnancy, gender or the fact that she had secured a protective order. Rather, the decision to terminate Villanustre was based exclusively on the fact that she violated Hard Rock Café's policy on personal relationships between management and hourly employees.

14. As had been Hard Rock Café's practice, the decision-makers decided to terminate the manager, not the hourly employee, regardless of gender. In June and August of 2007, two male managers were terminated for engaging in sexual relationships with female hourly employees.

15. After her termination, Villanustre was not replaced and her position remained vacant.[2] Before Villanustre's termination there were four Operations Managers working in the San Juan Hard Rock Café: Janina Rodríguez, José M. Pabón, Jesús M. Pabón, and Estela Villanustre. After the termination, the three remaining Operations Managers absorbed Villanustre's duties.

16. There is a marital relationship between José M. Pabón ("Pabón") and Mónica Cuevas ("Cuevas"), two employees at the San Juan Hard Rock Café. Hard Rock Café has taken all necessary precautions to avoid conflicts of interest or favoritism that could arise from the fact that Pabón and Cuevas are married and employed by Hard Rock Café.

17. Other employees of the San Juan Hard Rock Café worked while they were pregnant. Villanustre worked for Hard Rock Café during her first pregnancy, and returned to work after the birth of her child in 2001.

18. According to Echevarría, the following managerial staff at the San Juan Hard Rock Café were aware that Plaintiff Villanustre was in a personal relationship with Echevarría: Omar Núñez, Sales Manager; Jesús Pabón–Ramos, Operations Manager; José Pabón–Ramos, Operations Manager; Arnaldo Pagán; Assistant General Manager; Odaliza Pagán, Financial Assistant/Human Resources.

19. Sometime during the year 2006, Plaintiff Villanustre admitted to Pagán that she was involved in a romantic relationship with Echevarría.

20. At the time of Villanustre's termination, Cope was aware of Villanustre's relationship with Echevarría.

21. Plaintiff never requested that Pagán not reveal that she (Villanustre) was pregnant.

## II. LEGAL STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). Pursuant

---

**2.** The position remained vacant at the time of Defendants' filing of their summary judgment brief on May 12, 2008.

to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz,* 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston,* 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Ins. Co. v. Benner,* 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.,* 871 F.2d 179, 181 (1st Cir.1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Goldman,* 985 F.2d at 1116.

## III. ANALYSIS

Plaintiff Villanustre alleges that Defendants discriminated against her in violation of Title VII, several Puerto Rico laws, and the Constitution of the Commonwealth of Puerto Rico, by terminating her employment based on her sex and pregnancy.

### A. Discrimination on the basis of pregnancy

Plaintiff Villanustre brings claims of sex and pregnancy discrimination against her employer pursuant to Title VII, which provides that it is unlawful for an employer to discharge an individual because of her sex. *See* 42 U.S.C. § 2000e–2(a)(1). After the United States Supreme Court held that this phraseology did not proscribe discrimination on the basis of pregnancy, *see General Elec. Co. v. Gilbert,* 429 U.S. 125, 145–46, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), Congress enacted the Pregnancy Discrimination Act of 1978 ("PDA"), which provides as follows:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes ... as other persons not so affected but similar in their ability or inability to work. 42 U.S.C. § 2000e(k).

 A Title VII sex discrimination claim may be proven with direct evidence of discrimination, such as "an admission by the employer that it explicitly took actual

or anticipated pregnancy into account in reaching an employment decision," *Smith v. F.W. Morse & Co.,* 76 F.3d 413, 421 (1st Cir.1996), or by circumstantial evidence, *Domínguez–Cruz v. Suttle Caribe, Inc.,* 202 F.3d 424, 428–29 (1st Cir.2000). When considering circumstantial evidence of sex discrimination, a court applies the three-step burden shifting framework first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). An employee alleging sex discrimination under Title VII must first establish a *prima facie* case by showing that: (1) she belonged to a protected class, (2) she performed her job satisfactorily, (3) her employer took an adverse employment decision against her, and (4) her employer continued to have her duties performed by a comparably qualified person. *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 54 (1st Cir. 2000). The United States Court of Appeals for the First Circuit has also phrased the fourth prong of this test to require a plaintiff to demonstrate that "[the] employer sought a replacement for [the plaintiff] with roughly equivalent qualifications." *Smith v. Stratus Computer,* 40 F.3d 11, 15 (1st Cir.1994). The replacement of the plaintiff demonstrates that the plaintiff was terminated despite the employer's "continued need for the same services and skills." *Mesnick v. General Electric Co.,* 950 F.2d 816, 823 (1st Cir. 1991).

If the plaintiff establishes a *prima facie* case of sex discrimination, the burden shifts to the defendant-employer to state a non-discriminatory reason for the adverse employment action. *Hillstrom v. Best Western TLC Hotel,* 354 F.3d 27, 31 (1st Cir.2003). If the defendant meets that burden, the burden then shifts once again to the plaintiff to demonstrate that the defendant's stated reason is mere pretext for sex discrimination. *Id.* at 31.

■ As to whether Plaintiff Villanustre has established her *prima facie* case, three of the four required elements are uncontested: (1) she was pregnant at the time she was fired, (2) she met her employer's legitimate performance expectations, and (3) she suffered an adverse employment action by her employer when she was fired. As to the fourth element, Plaintiff Villanustre has failed to demonstrate that her employer sought a replacement for Villanustre with roughly equivalent qualifications. *Smith,* 40 F.3d at 15. Defendants claimed, and Plaintiff did not contest or offer any contrary evidence, that after Plaintiff Villanustre's termination she was not replaced and her position remained vacant. Defendants testified that before Villanustre's termination there were four Operations Managers working in the San Juan Hard Rock Café: Janina Rodríguez, José M. Pabón, Jesús M. Pabón, and Estela Villanustre. Defendants stated that after Villanustre's termination, the remaining three Operations Managers absorbed Villanustre's duties. As such, Plaintiff failed to demonstrate Defendants' continued need for the same services and skills offered by Plaintiff Villanustre. *Mesnick,* 950 F.2d at 823. After reviewing this uncontested evidence, the Court determines that Plaintiff Villanustre has failed to establish her *prima facie* case because she did not show that she was replaced by an employee with roughly equivalent qualifications.

■ Further, even if Plaintiff had established her *prima facie* case, based on Plaintiff Villanustre's personal relationship with Echevarría, an hourly employee, in clear violation of Defendants' policy prohibiting such relationships, Defendants have set forth a legitimate, non-discriminatory reason for terminating Plaintiff Villanustre. Plaintiff's personal relationship

with an hourly employee became common knowledge in the workplace when a Protection Order against Echevarría, protecting Plaintiff Villanustre, was served upon the General Manager at the Hard Rock Café. Hard Rock Café's policy, of which Plaintiff Villanustre acknowledged receipt, clearly allows Defendants to reserve the right to take whatever action they deem necessary to resolve a real or perceived conflict, including termination of one or both of the employees involved in the relationship.

Despite her argument that Defendants treated male managers in personal relationships differently, Plaintiff Villanustre failed to conclusively prove a pattern of discriminatory treatment. On the other hand, Defendants provided specific evidence of two male managers who were terminated for violating Hard Rock Café's personal relationships policy in 2007. Therefore, Defendants have demonstrated that their policy regarding personal relationships is applied even-handedly, regardless of whether the managerial offender is male or female.

As to Plaintiff Villanustre's pregnancy discrimination claim, Plaintiff has failed to demonstrate that the decision-makers responsible for her termination even knew that she was pregnant at the time she was fired. Although Plaintiff told Pagán of her pregnancy the day before she was terminated, there is no evidence that Pagán informed the Hard Rock Café decision-makers of Villanustre's pregnancy. In fact, the decision-makers, Cope and Rossi, testified that they were unaware of Plaintiff's condition at the time of her termination.

Finally, Plaintiff has not shown that Defendants' conduct was pretext for sex discrimination. Thus, the Court grants summary judgment as to Plaintiff Villanustre's Title VII claim.

## B. *Puerto Rico Law Claims*

Plaintiff filed supplemental claims pursuant to Law 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146 *et seq.;* Law 69 of July 6, 1985, P.R. Laws Ann. tit 29, § 1334; Law No. 3 of March 13, 1942, P.R. Laws Ann. tit. 29, § 467 *et seq.;* and under Law 80 of May 30, 1976, P.R. Laws Ann tit. 29, § 185a, as amended by Law 115 of December 1991, and Law 217 of September 29, 2006; and the Constitution of the Commonwealth of Puerto Rico. Having dismissed the federal claims in this case, the Court declines to exercise jurisdiction over the Puerto Rico law claims, and will enter judgment dismissing those claims without prejudice. *See Newman v. Burgin,* 930 F.2d 955, 963 (1st Cir.1991) ("[t]he power of a federal court to hear and determine state law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit").

## IV. *CONCLUSION*

In conclusion, the Court grants Defendants' motion for summary judgment (No. 26). A separate judgment will be entered dismissing Plaintiff's Title VII claims with prejudice, and Plaintiff's Puerto Rico law claims without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of June, 2008.