GASTRONOMICAL WORKERS UNION LOCAL 610 and Metropolitan Hotel Association Pension Fund, et al., Plaintiffs

v.

LA MALLORQUINA, INC., Defendant.

Civil No. 08–1255 (JP).

United States District Court, D. Puerto Rico.

Feb. 9, 2009.

---

**3.** *See* 29 L.P.R.A. § 146(a)(1).

**4.** *See Ramos v. Davis & Geck, Inc.,* 167 F.3d 727, 734 (1st Cir.1999).

José G. Barea–Fernández, Esq., Gonzá-lez–Nieto, García & Balzac Law Office, Luis A. Guzmán–Dupont, Esq., Luis A. Guzmán–Dupont Law Office, San Juan, PR, for Plaintiffs, Counter–Defendants and Third–Party Defendant.

Manuel Durán–Rodríguez, Esq., Manuel Durán Law Office, San Juan, PR, for Defendant, Counter–Claimant and Third–Party Plaintiff.

## OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court is a motion to dismiss Defendant's counterclaim and for sum-

mary judgment (**No. 7**) filed by Plaintiffs Gastronomical Workers Union Local 610 (the "Union") and Metropolitan Hotel Association Pension Fund and its Trustees (the "Fund") (collectively, "Plaintiffs"). Also before the Court is Defendant La Mallorquina, Inc.'s ("La Mallorquina") opposition thereto (No. 11). Plaintiffs filed the instant lawsuit pursuant to Sections 4201–4225 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. § 1381 *et seq.*, for La Mallorquina's failure to pay withdrawal liability when its obligation to contribute to the Fund ceased. La Mallorquina has filed a counterclaim, seeking monetary damages from Plaintiffs. La Mallorquina has also filed a third party complaint against the Union (No. 6).

Plaintiffs move for summary judgment on their complaint, and also to dismiss the counterclaim against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court hereby **GRANTS** Plaintiffs' motion for summary judgment, and **GRANTS** Plaintiffs' motion to dismiss the counterclaim.

## I. *PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT*

In support of their motion for summary judgment, Plaintiffs argue that there is no question of material fact that La Mallorquina defaulted on its withdrawal liability payments and failed to timely initiate arbitration proceedings. In response, La Mallorquina argues that it did not decide to withdraw from the pension plan, but rather this decision was made by the Union and La Mallorquina's employees.

### A. *Material Facts Not in Genuine Issue or Dispute*

The following facts are deemed uncontested by the Court because they were included in the motion for summary judgment and opposition and were agreed upon, or they were properly supported by evidence and not genuinely opposed.

1. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the Labor Management Relations Act (29 U.S.C. § 186(c)) and a multiemployer benefit plan within the meaning Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and 1002(37). Its purpose is to provide pension, retirement and related benefits to the eligible employees of employers who contribute to the Fund pursuant to various collective bargaining agreements with the Union.

2. La Mallorquina is an employer within the meaning of 29 U.S.C. §§ 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce within the meanings of Sections 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

3. La Mallorquina was a signatory to and bound by a collective bargaining agreement ("CBA") with the Union under which it was required to make contributions to the Fund on behalf of its employees who were covered thereby. When this CBA expired on or about February 3, 2007, after negotiations, the Union and La Mallorquina signed a new CBA under which La Mallorquina was no longer required to contribute to the Fund.

4. The Fund determined La Mallorquina's withdrawal liability to be $14,821.00.

5. By letter dated June 29, 2007, the Fund sent La Mallorquina a Notice and Demand for payment of withdrawal liability in accordance with §§ 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). This Notice and Demand for payment informed La Mallorquina that its withdrawal liability was assessed by the Fund to be $14,821.00, payable either in a single installment or in ten monthly installments of $1,374.91 plus an eleventh monthly installment of $1,153.02, with the payment of the full amount or the first monthly installment due by August 28, 2007.

6. In response to the Fund's June 29, 2007 Notice and Demand for Payment, by letter dated August 16, 2007, La Mallorquina, through counsel, objected to the Fund's demand for withdrawal liability and requested that the Fund review its assessment on the grounds that La Mallorquina had not withdrawn from the Fund because "the employees covered by the Collective Bargaining Agreement decided to withdraw themselves from the plan."

7. La Mallorquina did not make any payment by August 28, 2007. By letter dated September 25, 2007, the Fund notified La Mallorquina that it had not received payment and that if payment was not received by November 24, 2007, La Mallorquina would be in default and the entire amount of the withdrawal liability, $14,821.00, would be due and owing.

8. La Mallorquina did not provide payment by November 24, 2007.

9. The Fund responded to La Mallorquina's request for review by letter dated January 16, 2008.

10. La Mallorquina did not make any payment by January 26, 2008. It has made no payment regarding withdrawal liability to the Fund to date.

11. La Mallorquina has not requested or initiated arbitration with respect to the subject matter at issue in this case.

### B. *Legal Standard for a Motion for Summary Judgment*

Summary judgment serves to assess the proof to determine if there is a genuine need for trial. *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990). Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, viewed in the light most favorable to the nonmoving party, reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Zambrana–Marrero v. Suárez–Cruz*, 172 F.3d 122, 125 (1st Cir.1999) (stating that summary judgment is appropriate when, after evaluating the record in the light most favorable to the non-moving party, the evidence "fails to yield a trial worthy issue as to some material fact"); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir.1993); *Canal Ins. Co. v. Benner*, 980 F.2d 23, 25 (1st Cir.1992). The Supreme Court has stated that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In this way, a fact is material if, based on the substantive law at issue, it might affect the outcome of the case. *See Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989).

On a summary judgment motion, the movant bears the burden of "informing the district court of the basis for its motion and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant meets this burden, the burden shifts to the opposing party who may not rest upon mere allegations or denials of the pleadings, but must affirmatively show, through the filing of supporting affidavits or otherwise, that there is a genuine issue of material fact for trial. *See Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Goldman*, 985 F.2d at 1116.

### C. *Analysis*

ERISA states that "[i]f an employer withdraws from a multiemployer plan ... then the employer is liable to the plan in the amount determined ... to be the withdrawal liability." 29 U.S.C. § 1381. A complete withdrawal from a multiemployer plan occurs when an employer: "(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan." 29 U.S.C. § 1383.

Although there is limited jurisprudence within this Circuit regarding the applicability of withdrawal liability for involuntary withdrawals, other courts have found that withdrawal liability is imposed whether or not an employer voluntarily withdraws from a pension plan. *See Central States, Southeast & Southwest Areas Pen-*

*sion Fund v. Midwest Motor Express, Inc.*, 999 F.Supp. 1153, 1162 (N.D.Ill.1998) (stating that Congress did not intend for the existence of an exception to withdrawal liability based on involuntariness of an employer's withdrawal from a pension plan); *Centennial State Carpenters Pension Trust Fund v. Woodworkers of Denver, Inc.*, 615 F.Supp. 1063, 1065 (D.Colo. 1985) (granting summary judgment on behalf of pension plan where the employer's withdrawal occurred involuntarily upon the employees' decertification of their union); *Pacific Iron & Metal Co. v. Western Conference of Teamsters Pension Trust Fund*, 553 F.Supp. 523, 525 (W.D.Wash.1982) (holding that the MPPAA does not exclude involuntary withdrawal liability due to employees' vote to decertify their union). In *Midwest Motor Express*, the district court noted that "Congress did not intend withdrawal liability to attach as a punishment for a withdrawing employer's malice or willfulness, but to protect the vested pension interests of the employees." 999 F.Supp. at 1163. The United States Court of Appeals for the First Circuit has stated that Congress "chose withdrawal liability as a means to both deter withdrawals and to make the employer liable for any damage caused by the withdrawal." *Keith Fulton & Sons, Inc. v. New England Teamsters and Trucking Indus. Pension Fund*, 762 F.2d 1124, 1130 (1st Cir.1984).

■ This Court has held that a determination by pension fund trustees as to the withdrawal liability is presumed correct unless the party contesting the determination shows by a preponderance of the evidence that the determination was unreasonable or clearly erroneous. *Morales v. Nationwide Ins. Co.*, 237 F.Supp.2d 147, 160–161 (D.P.R.2002) (internal citation omitted).

■ In the case at bar, it is undisputed that La Mallorquina's obligation to con-

tribute to the Fund ceased on or around February 3, 2007, when La Mallorquina signed a new CBA with the Union. The Court holds that, as a matter of law, this constitutes a complete withdrawal, thereby subjecting La Mallorquina to withdrawal liability. As no genuine issue of fact exists as to La Mallorquina's withdrawal liability, the Court **GRANTS** Plaintiffs' motion for summary judgment.

█ As to the amount of statutory damages, the Fund determined La Mallorquina's withdrawal liability to be $14,821.00, and sent a demand letter to La Mallorquina containing this figure on June 29, 2007. La Mallorquina has not shown by a preponderance of the evidence that this determination was unreasonable of clearly erroneous. Rather, La Mallorquina's argument focuses on the fact that the withdrawal was involuntary, which as discussed above, does not exempt La Mallorquina from withdrawal liability.

It is clear that the full amount of withdrawal liability, or alternatively, the first monthly installment payment, was due from La Mallorquina on August 28, 2007. La Mallorquina did not make any payment by said date, nor has it made any payment up to the present date. Further, it is uncontested that La Mallorquina did not timely initiate any arbitration proceedings, as required by statute when a party seeks to dispute a determination withdrawal liability. 29 U.S.C. § 1401(a)(1). Accordingly, La Mallorquina is liable for the entire withdrawal liability as calculated by the Fund. 29 U.S.C. § 1401(b)(1).

An employer's failure to make timely withdrawal liability payments is considered in the same manner as a contribution delinquency under ERISA, which requires

delinquent employers to pay accrued interest, liquidated damages, attorneys' fees and costs, in addition to the delinquent amounts. *See* 29 U.S.C. § 1451(b); 29 U.S.C. § 1145; 29 U.S.C. § 1132(g)(2). As calculated by Plaintiffs, the Fund's rate of interest on delinquencies was 10.25% from January 1, 2007 through December 31, 2007, and beginning January 1, 2008, is currently 9.25%. In addition to the withdrawal liability in the amount of $14,821.00, La Mallorquina owes interest from the date the first payment was due through the present[1], and liquidated damages at twenty percent of the withdrawal liability which equals $2,964.20. The Court will enter judgment accordingly.

## II. *PLAINTIFFS' MOTION TO DISMISS THE COUNTERCLAIM*

La Mallorquina has filed a Counterclaim against Plaintiffs for $35,000.00 in damages pursuant to Sections 502 and 4301(a) of ERISA, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. In its counterclaim, La Mallorquina alleges that it negotiated and entered into a new CBA with the Union under which it no longer has an obligation to contribute to the Fund. La Mallorquina argues that Plaintiffs are now demanding money based on a situation that they themselves created; however, the Fund alleges it was not involved in the CBA negotiations. The Fund is not a party to the CBA. Plaintiffs move to dismiss La Mallorquina's counterclaim arguing, *inter alia*, that Defendant failed to timely submit its claim to arbitration.

### A. *Legal Standard for a Motion to Dismiss*

According to the Supreme Court, "once a claim has been stated adequately, it may

---

1. Plaintiffs **SHALL** provide the Court will this figure within ten days of the entry of judgment.

be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief that is plausible on its face, not merely conceivable. *Id.* at 1974. The First Circuit has interpreted *Twombly* as sounding the death knell for the oft-quoted language of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 94–95 (1st Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1969). Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992).

### B. *Analysis*

Section 1401 of ERISA clearly establishes that "any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination [regarding withdrawal liability] shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1); *see Giroux Bros. Transp. v. New England Teamsters & Trucking Indus. Pension Fund*, 73 F.3d 1, 2 (1st Cir. 1996) (holding that resolution of a withdrawal liability dispute is committed in the first instance to arbitration). An employer must initiate arbitration proceedings within a sixty-day period after the earlier of (1) the date the employer is notified of the plan sponsor's decision with respect to the employer's request for review, or (2) 120 days after the date of the employer's request for review. 29 U.S.C. § 1401(a)(1). "If no arbitration proceeding has been initiated ... the amounts demanded by the plan sponsor ... shall be due and owing on the schedule set forth by the plan sponsor." 29 U.S.C. § 1401(b)(1).

■ The Court finds that La Mallorquina's counterclaim arises out of a dispute between itself and Plaintiffs concerning a determination of withdrawal liability. La Mallorquina's contention that a third party complaint was filed against the Union does not excuse it from submitting its withdrawal liability dispute to arbitration in a timely manner, and as such, the Court finds this argument to be irrelevant and unavailing. It is uncontested that La Mallorquina has never requested arbitration review. The last date when it could have done so was February 12, 2008, nearly one year ago. 29 U.S.C. § 1401(b)(1). As such, the Court holds that dismissal of Defendant's counterclaim is appropriate.

### III. *THIRD PARTY COMPLAINT*

■ Defendant La Mallorquina has filed a third party complaint against the Union, arguing that the Union's participation in the negotiations for the February 3, 2007 CBA and the signing of the same make it jointly liable for the withdrawal liability incurred by La Mallorquina. Although the third party complaint was not addressed by the parties in their briefs, the Court finds it in the interest of justice and efficiency to consider it along with Plaintiffs' motion for summary judgment and motion to dismiss the counterclaim.

As stated above, the withdrawal liability is an automatic statutory provision designed to protect the employees' pensions rather than to punish the withdrawing employer. 29 U.S.C. § 1381; *Midwest Motor Express*, 999 F.Supp. at 1163. La Mallorquina has failed to allege any "act or omission" by the Fund in violation of the special multiemployer provisions which

adversely affected it pursuant to 29 U.S.C. § 1451(a)(1). Likewise, La Mallorquina has not alleged any fraud or misrepresentation on behalf of the Union. La Mallorquina knowingly and willingly signed a CBA with the Union which terminated La Mallorquina's obligation to contribute to the Fund. Even considering the facts in the light most favorable to La Mallorquina, the Court holds that La Mallorquina has failed to state a claim upon which relief can be granted against the Union. Therefore, the Court *sua sponte* dismisses the third party complaint filed by La Mallorquina against the Union.

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion for summary judgment and to dismiss the counterclaim. The Court *sua sponte* dismisses the third party complaint against the Union. The Court will enter a separate judgment accordingly.

**IT IS SO ORDERED.**